STATE *vs.* TIMOTHY W. FURBUSH.

Franklin. Opinion July 30, 1881.

*Constitutional law. R. S., c. 44, unconstitutional.*

R. S., c. 44, violates the federal constitution by discriminating in favor of goods manufactured in this State, and against goods manfactured in other States, and is therefore unconstitutional and void.

ON REPORT.

This is an indictment for violation of R. S., c. 44, § 1, by traveling from place to place, and peddling in the town of Free-

man, goods, wares, and merchandise, not lawfully raised or manufactured in this State. The respondent pleaded not guilty, but admitted the selling of the goods in the manner alleged in the indictment.

If the respondent can be legally convicted on the indictment and facts agreed, judgment is to be for the State. Otherwise, he is to be discharged from said indictment.

R. S., c. 44, § 1, reads as follows : "No person, except as hereinafter provided, shall travel from town to town, or place to place in any town, on foot, or by any kind of land or water conveyance, carrying for sale, or offering for sale, any goods, wares or merchandise, whole or by sample, under a penalty of not less than fifty nor more than two hundred dollars, and the forfeiture of all property thus unlawfully carried ; but this provision shall not apply to commission merchants and commercial brokers traveling from place to place in the city or town where they reside, and selling or offering to sell goods by sample or otherwise ; nor to any citizen of this State selling any fish, fruit, provisions, farming utensils or other articles lawfully raised or manufactured in this State."

*Henry B. Cleaves,* attorney general, for the State.

No question can arise under this indictment as to that clause of the constitution of the United States, which declares that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States." The respondent being a citizen of this State, and whatever discrimination there may be, if any, so far as exercising the calling of a peddler, is in his favor.

The decisions of the Supreme Court of the United States indicate, that taxes imposed by a State, discriminating against commodities of other States, would be inconsistent with the provisions of the constitution of the United States and therefore unconstitutional. That the power vested in Congress by the constitution, to regulate commerce with foreign nations, and among the several States &c., prevents all interference on the part of the State relating to the regulation of inter-State commerce,

notwithstanding Congress has neglected to provide any regulation as to the same.

The constitution of the United States declares that no State shall without the consent of Congress lay any duties on imports or exports, or any duty on tonnage, &c. U. S. Constitution, article 1, § 10.

Here is an express prohibition by the constitution; but where the power is simply granted to Congress, with no prohibition, the authority is concurrent and may be exercised by the States until Congress legislates upon the subject. The grant to congress (U. S. Con. article 1, § 81,) to regulate commerce among the several States is not exclusive.

"If the terms of the grant are not exclusive and there is no express prohibition upon the States and no repugnancy or inconsistency in its exercise by the States, the authority is concurrent." *People ex. rel. Barlow* v. *Curtis*, 50 N. Y. 326.

The State has the power to regulate the manner of doing business.

It has no authority to pass laws where there is an express prohibition by the constitution of the United States. "There are many powers conferred upon Congress, which until exercised by it are regarded as dormant, and may be exercised by the States within their limits, among which is the power to regulate commerce." *Phelps* v. *Racey*, App. 60 N. Y. 11.

This view is sustained in the celebrated license cases. *Thurlow et als.* v. *State of New Hampshire et als*, 5 Howard (U. S.), 513; see also *Gibbons* v. *Ogden*, 9 Wheat. 1; *Wilson* v. *Blackbird, C. M. Co.* 2 Pet. 251; *Houston* v. *Moore*, 5 Wheat. 1; *Sturgis* v. *Crowinshield*, 4 Wheat. 196; *Chirae* v. *Chirae*, 2 Wheat. 269; *Wilton* v. *Missouri*, 91 U. S. 275; *Burbank* v. *McDuffee*, 65 Maine, 135.

*H. L. Whitcomb*, for the defendant, cited: Constitution U. S. article 1, § 8, par. 3, and article 4, § 2; *Ward* v. *Maryland*, 12 Wall. 418; *Wilton* v. *Missouri*, 91 U. S. 275.

WALTON, J. It is the opinion of the court that c. 44 of the revised statutes of this State, is unconstitutional. It allows

goods manufactured in this State to be peddled free, and exacts a license fee from those who peddle similar goods which are manufactured out of the State. Such a discrimination in favor of goods manufactured in this State, and against goods manufactured in other States, violates the federal constitution. This precise question has been several times before the Supreme Court of the United States, and that court holds that such legislation is unconstitutional. *Wilton* v. *Missouri*, 91 U. S. (1 Otto), 275; *Tiernan* v. *Rinker*, 102, U. S. (12 Otto), 123; *Webber* v. *Virginia*, Reporter for June 15, 1881.

We shall not repeat the reasoning by which this conclusion is sustained by the Supreme Court of the United States. It is sufficient to say that it is full, and we think, satisfactory. But whether satisfactory or not, it must be acquiesced in by the State courts, for the question arises under the federal constitution, and it is the duty of the Supreme Court of the United States to answer it, and their answer is conclusive upon the State courts. It is held by that court that such legislation is an interference with the power vested in congress to regulate commerce.

Chapter 44 of the revised statutes being unconstitutional and void, the defendant, who is indicted for no other offense than a violation of it, must be discharged.

*Defendant discharged.*

APPLETON, C. J., BARROWS, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.

