VERA PAYNE,
Petitioner for Habeas Corpus,

*vs.*

KING F. GRAHAM.

Cumberland.    Opinion September 10, 1919.

*General rule as to the right of the court to pass upon the question as to whether a legislative act is an emergency act. Rule as to setting forth in the preamble of a legislative act the necessary facts constituting the act an emergency measure.*

In May 1919 Vera Payne was indicted in the Superior Court, Cumberland County, for violation of Chap. 112, of the Public Laws of 1919, which act, approved March 27, 1919, makes more stringent the provisions of statute for the prevention and punishment of sexual crimes.

She presents her petition for writ of habeas corpus upon the ground that at the time of her indictment and conviction Chapter 112 had not become effective as law. The preamble and concluding paragraph of Chapter 112 are as follows:

Preamble. "Whereas, owing to the necessity of preserving the public health in general, the enactment of more stringent laws prohibiting prostitution, lewd-

ness and assignation and providing punishment therefor, is an emergency measure immediately necessary for the preservation of the public peace, health or safety."

Section 7. "In view of the emergency cited in the preamble this act shall take effect when approved."

But the petitioner says that Chapter 112, notwithstanding this legislative pronouncement, is not an emergency act and did not take effect until ninety days after the recess of the legislature which period expired after her conviction. The amended Maine Constitution provides that acts of the Legislature shall become effective ninety days after the legislative recess.

Emergency acts, however, may be made to take effect upon approval. The Constitution further provides that the emergency with the facts constituting the emergency shall be expressed in the preamble of the act and also that an emergency bill shall include only such measures as are immediately necessary for the preservation of the public peace, health or safety.

*Held that:*

Constitutional limitations are subjects of judicial interpretation and effectuation. Questions of public policy such as the justice expediency, necessity or urgency (immediate necessity) of laws are for final legislative determination. But the control by the Legislature of even these questions may be qualified by express constitutional limitations.

The provision of the Maine Constitution requiring the emergency, with the facts constituting it, to be expressed in the preamble of the act creates a limitation upon legislative power and without conforming to it no act can be made an emergency act and as such be given immediate effect. The preamble of Chapter 112 contains an assumption that there is "a necessity of preserving the public health in general," and the conclusion that "the enactment of more stringent laws is an emergency measure." It contains no statement of facts as required by the Constitution and no facts that are even suggestive of an emergency. In argument, indeed, facts are presented which give the act an emergent character. In argument it is said that a great World War had been raging; that while an armistice had been declared large bodies of troops were still assembled; that for preventing the spread among these troops of sexual disorders, destructive of military efficiency, existing laws were inadequate and that the Federal authorities had requested the co-operation of the State in meeting these conditions. But these facts are not, as the Constitution requires, expressed in the preamble. Chapter 112 is, therefore, not an emergency act as defined by the Constitution.

Whether a legislative finding that an act is immediately necessary for the preservation of the public peace, health or safety is open to judicial review is a question concerning which courts of different states are at variance. Mindful of the long established rule that questions of constitutional law should not be passed upon unless strictly necessary to a decision of the case under consideration this Court defers expressing a final opinion upon this question, inasmuch as the point first above determined is decisive of the case.

Writ of Habeas Corpus. From the ruling of the single Justice denying the writ, petitioner filed exceptions. Exceptions sustained.

Case stated in opinion.

*John J. Devine, and Samuel L. Bates,* for petitioner.

*Carroll L. Beedy, and Clement F. Robinson,* for respondent.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DEASY, J. In May 1919, Vera Payne was indicted and convicted in the Superior Court, Cumberland County, for violation of Chap. 112, of the Public Laws of 1919, which act, approved March 27, 1919, makes more stringent the provisions of statute for the prevention and punishment of sexual crimes.

She presents her petition for writ of habeas corpus upon the ground that at the time of her indictment and conviction Chapter 112 had not become effective as law.

Section 7 of the act is as follows:

"In view of the emergency cited in the preamble this act shall take effect when approved."

But the petitioner says that Chapter 112, notwithstanding this legislative pronouncement, is not an emergency act and that it did not take effect until ninety days after the recess of the Legislature, which period expired after her conviction.

The amended Constitution of Maine, Article IV, Part Third. Section 16, is as follows:

"No act or joint resolution of the legislature, except such orders or resolutions as pertain solely to facilitating the performance of the business of the legislature, of either branch, or of any committee or officer thereof, or appropriate money therefor or for the payment of salaries fixed by law, shall take effect until ninety days after the recess of the legislature passing it, unless in case of emergency, (which with the facts constituting the emergency shall be expressed in the preamble of the act), the legislature shall, by a vote of two-thirds of all the members elected to each house, otherwise direct. An emergency bill shall include only such measures as are immediately necessary for the preservation of the public peace, health or safety; and shall not include (1) an infringement of the right of home rule for municipalities, (2) a franchise or a license to a corporation or an individual to

extend longer than one year, or (3) provision for the sale or purchase or renting for more than five years of real estate."

The petitioner contends that the act in question is not immediately necessary for the preservation of the public peace, health or safety and that the court should so declare.

But the State maintains that the question presented is one for final legislative determination.

The leading case touching this matter is *Kadderly* y. *The City of Portland,* 44 Oregon, 120, 74 Pac., 721. The opinion in this case sustains the State's contention. See also, to same effect: *Hanson* v. *Hodges,* 109 Ark., 479, 160 S. W., 392; *Oklahoma City* v. *Shields,* 22 Oklahoma, 265, 100 Pac., 559; In re Menefee (Or.), 97 Pac., 1014; Re Senate Resolutions, 54 Col., 269, 130 Pac., 336; *Bennett Trust Co.* v. *Sengstacken,* (Or.), 113 Pac., 863.

But in the case of *State* v. *Meath,* 84 Wash., 302, 147 Pac., 11, the doctrine of the Oregon Court is by a majority opinion denied and its conclusions rejected. Other cases also hold that the question is one for court review: *State* v. *Whisman.* (S. D.), 154 N. W., 711; *Miami County* v. *City of Dayton,* (Ohio), 110 N. E., 728; *Attorney General* v. *Lindsay,* 178 Mich., 542, 145 N. W., 98.

Obviously the test is the extent to which legislative power is limited by the Constitution. Constitutional limitations are subjects of judicial interpretation and effectuation. Questions of public policy, such as the justice, expediency, necessity or urgency (immediate necessity) of laws are for final legislative determination. But the control by the Legislature of even these questions may be qualified by express constitutional limitation.

The only Maine case touching the subject is *LeMaire* v. *Crockett,* 116 Maine, 267. This case is not directly in point, because it involves one of the express limitations of the Constitution. Though it may deem an act which is an "infringement of the right of home rule for municipalities" to be immediately necessary, the Legislature is forbidden by the positive mandate of the Constitution to give it immediate effect. Whether a given act is such an infringement is a judicial question. The case of *LeMaire* v. *Crockett* does not reach the question concerning which courts differ so radically, i. e., whether the words "an emergency bill shall include only such measures as are immediately necessary for the preservation of the public peace, health

or safety", or other similar language, creates a limitation upon legislative power which the courts have jurisdiction to interpret and give effect to.

We are mindful of the long established rule that questions of constitutional law should not be passed upon unless strictly necessary to a decision of the cause under consideration. We, therefore, defer expressing a final opinion upon the question concerning which, as appears above, courts are at variance, because, for another reason not touched upon in any of the above cited cases, we hold that Chapter 112 did not take immediate effect as an emergency act.

Of the states that have provided for giving emergency acts immediate effect, generally in connection with the initiative and referendum, the constitutions of nearly all provide in effect that emergency legislation shall include only such measures as are immediately necessary for the preservation of the public health, peace or safety. But our Constitution goes further and requires that the emergency "with the facts constituting the emergency shall be expressed in the preamble of the act." The only state constitutions containing similar language are those of California, Article IV, Section 1; Ohio, Article II, Section 1d; North Dakota, Article II, Section 25; Mississippi, Amendment of 1914; Massachusetts, Amendment of 1918. In neither of these is the language precisely like that of the Maine Constitution, but all require that the facts constituting, or reasons for, an emergency be expressed or set forth in the preamble or some part of the act. Our investigation does not disclose that in either of these states such constitutional provisions have been judicially interpreted. The case of *City of Roanoke* v. *Eliot*, (Va.), 96 S. E., 821 construes that clause of the Virginia Constitution reading: "The emergency shall be expressed in the body of the bill." The Virginia Constitution does not require the facts or reasons to be expressed and it is held that in the absence of an explicit constitutional mandate the facts need not be set forth.

We think it clear that the above quoted language of the Maine Constitution creates a limitation upon legislative power and that without conforming to it no act can be made an emergency act and as such be given immediate effect.

The preamble of Section 112, under consideration, is as follows:

"Whereas, owing to the necessity of preserving the public health in general, the enactment of more stringent laws prohibiting prostitu-

tion, lewdness and assignation and providing punishment therefor, is an emergency measure immediately necessary for the preservation of the public peace, health or safety."

This preamble contains an assumption that there is "a necessity of preserving the public health in general" and a conclusion that "the enactment of more stringent laws . . . . is an emergency measure." It contains no statement of facts as required by the Constitution and no facts that are even suggestive of an emergency.

In argument, indeed, facts are presented which give the act an emergent character. In argument it is said that a great World War had been raging; that while an armistice had been declared large bodies of troops were still assembled; that for preventing the spread among these troops of sexual disorders, destructive of military efficiency, existing laws were inadquate and that the Federal authorities had requested the co-operation of the State in meeting these conditions.

But these facts are not, as the Constitution requires, expressed in the preamble. The facts constituting the emergency are expressed in the briefs of counsel instead of in the preamble of the act. Chapter 112 is, therefore, not an emergency act as defined by the Constitution. It did not take effect until after the petitioner's indictment and conviction. Her detention is, therefore, not warranted and the entry must be,

*Exceptions sustained.*
*Writ of Habeas Corpus to Issue.*