**R. B. JOHNSON and Mabel F. Johnson**

v.

**MAINE WETLANDS CONTROL BOARD.**

Supreme Judicial Court of Maine.

March 11, 1969.

Robert W. Ferguson, Springvale, and James R. Flaker, Portland, for plaintiffs.

Leon V. Walker, Jr., Asst. Atty. Gen., Augusta, for defendant.

Clinton B. Townsend, Skowhegan, amicus curiae.

Before WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEATHERBEE, Justice.

In 1967 the Legislature enacted P.L. Chapter 348 which became 12 M.R.S.A., Sections 4701–4709 and which was entitled AN ACT to Regulate the Alteration of Wetlands. The substance of this statute as it affects our problem is found in Sections 4701, 4702 and 4704, which read:

"§ 4701. Procedure; hearing

No person, agency or municipality shall remove, fill, dredge or drain sanitary sewage into, or otherwise alter any swamp, marsh, bog, beach, flat or other wetland bordering coastal waters, or fill, dredge or drain sanitary sewage into such waters within such area, without filing written notice of his intention to do so, including such plans as may be necessary to describe the proposed activity, with the municipal officers in the municipality affected and with the Wetlands Control Board. Such notice shall be sent to each body by registered mail at least 60 days before such alteration is proposed to commence. The municipal officers shall hold a public hearing on the proposal within 30 days of receipt of the notice and shall notify by mail the person proposing the alteration and the public by publication in a newspaper published in the county where the wetlands are located, the Wetlands Control Board and all abutting owners of the hearing.

"§ 4702. Permits

Permit to undertake the proposed alteration shall be issued by the municipal officers within 7 days of such hearing providing the Wetlands Control Board

approves. Such permit may be conditioned upon the applicant amending his proposal to take whatever measures are necessary to protect the public interest. Approval may be withheld by either the municipal officers or the board when in the opinion of either body the proposal would threaten the public safety, health or welfare, would adversely affect the value or enjoyment of the property of abutting owners, or would be damaging to the conservation of public or private water supplies or of wildlife or freshwater, estuarine or marine fisheries.

\*   \*   \*   \*   \*   \*

"§ 4704. Appeal

Appeal may be taken to the Superior Court within 30 days after the denial of a permit or the issuance of a conditional permit for the purpose of determining whether the action appealed from so restricts the use of the property as to deprive the owner of the reasonable use thereof, or is an unreasonable exercise of police power, or constitutes the equivalent of a taking without compensation. The court upon such a finding may set aside or amend the action appealed from."

Plaintiffs, who own certain land at Wells Beach in the Town of Wells, petitioned the municipal officers and the Wetlands Control Board for a permit to fill part of this land. After public hearing the municipal officers voted to issue the permit but the Wetlands Control Board voted to deny the plaintiffs' request. The Board's denial was based upon its conclusion that the proposed filling would "threaten the public health and would be damaging to the conservation of wildlife and estuarine and marine fisheries."

Plaintiffs then appealed from the denial of the permit by filing a complaint against the Board and the Town in the Superior Court of York County alleging that the denial of the application so restricts the use of their property as to deprive them of its reasonable use and is an unreasonable exercise of police power and the equivalent

of a taking of their land without just compensation. Hearing was commenced on the appeal at which time, on motion of the town which alleged that it had no authority to issue a permit inasmuch as the Board had voted not to do so, the Presiding Justice dismissed the complaint as to the town. The remaining parties concurred in an agreed statement of facts which recited that:

"After hearing it was determined by the Court that the subject matter presented a serious question of law which should be determined by the Law Court, namely: Whether or not Maine Revised Statutes Annotated, Title 12, Sections 4701 through 4709 is constitutional in that it *may* constitute the equivalent of a taking of property without just compensation to the owner thereof." (Emphasis added)

The Presiding Justice then, with the parties' agreement, ordered the matter reported to this Court for decision upon the Complaint, Exhibits and Agreed Statement of Facts. The matter was briefed and argued before us by plaintiffs and defendant and in addition the Natural Resources Council of Maine filed a brief as Amicus Curiae under the provisions of Rule 75A.

The plaintiffs argue that the outright and absolute denial of the right to fill has deprived them of the only practical use to which their property can be put and still give them a fair and equitable return on their investment.

The defendant contends that in restricting the plaintiffs' use of their property the State, through the agency of the Board, is acting in the reasonable exercise of its police power.

There are no facts before us to support either position. The agreed statement is silent as to the nature of the land under consideration and the benefits or harm to be expected to result to either the plaintiffs or to the public interest if the land is filled or if its owners are prevented from filling it. The record does not disclose whether Sections 4701–4709 are applicable to the property of the plaintiffs. In short,

we are asked to consider only the general validity of the Act as a whole rather than its application to the issues presented by the plaintiffs' appeal from the Board's denial.

It has long been the judicial policy of this Court to decline to pass upon the question of constitutionality of a statute unless this is entirely necessary to a decision of the cause in which it is raised. Vigue v. Chapman, 138 Me. 206, 24 A.2d 241 (1941); Inhabitants of Town of Warren v. Norwood, 138 Me. 180, 24 A.2d 229 (1941); Payne v. Graham, 118 Me. 251, 107 A. 709, 7 A.L.R. 516 (1919). The few facts agreed upon here fail to demonstrate that a determination of the constitutionality of the statute is necessary to a decision in the case. We conclude that the matter has been reported to us prematurely.

Therefore, the case is ordered remanded to the Superior Court for the taking of evidence or agreement as to facts necessary to the determination of the issues presented by Section 4704.

WILLIAMSON, C. J., did not sit.