William H. BLACKWELL, Jr.

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Nov. 21, 1973.

Cushman D. Anthony, Portland, Cumberland Legal Aid Clinic, William S. Brodrick, Peter J. DeTroy, Student Attorney's, for appellant.

Joseph E. Brennan, County Atty., Donald G. Lowry, Asst. County Atty., Portland, for appellee.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

POMEROY, Justice.

This matter was originated by a petition for writ of habeas corpus (post-conviction), pursuant to 14 M.R.S.A. § 5501 et seq., and comes before us on report, upon an amended agreed statement of facts.

Petitioner was charged in District Court with violation of *29 M.R.S.A. § 897* (Duty upon striking unattended vehicle), to which he originally entered a plea of not guilty.

Subsequently, he changed his plea to guilty, whereupon he was convicted, released upon personal recognizance bail, and afforded two weeks' time to raise a $100 fine which the Court indicated it would impose as sentence, pursuant to the general penalty provisions of 29 M.R.S.A. § 2303.[1]

.At the end of the two-week period, petitioner failed to present himself for formal sentencing. He did appear two days later, however, at which time, according to the agreed statement of facts, he " . . . reported his failure to accumulate $100.00 for the fine."

Upon his failure to pay the fine the petitioner was committed to the County jail pursuant to 15 M.R.S.A. § 1904.[2]

When first addressing this cause in Law Docket #463, March 22, 1972, we noted discrepancies in the agreed statement of facts, and remanded to the Superior Court for corrections to comport to the actual facts as reflected in District Court records. Certain corrections have now been made.

However, we still find the agreed statement of facts so meagre that we must discharge the report and, for the following reasons, remand the cause for further findings.

It is the long-established policy of this Court,

" . . . to decline to pass upon the question of constitutionality of a statute unless this is entirely necessary to a decision of the cause in which it is raised." Johnson v. Maine Wetlands Control Board, Me., 250 A.2d 825, 827 (1969).

We find here, as we did in *Johnson,* that,

"[T]he few facts agreed upon . . . fail to demonstrate that a determination of the constitutionality of the statute is necessary to a decision in the case. We conclude that the matter has been reported to us prematurely." *Id.* at 827.

The agreed statement recites:

"Petitioner was jailed solely because he was unable to pay the $100.00 fine in a lump sum."

1. 29 M.R.S.A. § 2303: "Whoever violates or fails to comply with any provision of this Title, or any rules or regulations established thereunder, when no other penalty is specifically provided, shall be punished by a fine of not less than $10 nor more than $100, or by imprisonment for not more than 90 days, or by both."

2. 15 M.R.S.A. § 1904: "Except when otherwise provided, any convict sentenced to pay a fine or costs or both and committed or confined for default thereof and for no other cause shall be given a credit of $5 on such

fine or costs or both for each day during which he shall be confined and shall be discharged at such time as the said credits or such credits as have been given and money paid in addition thereto shall equal the amount of the fine or costs or both, but no convict shall serve more than 11 months to discharge his liability under any single fine or costs or both, and in all cases no further action shall be taken to enforce payment of said fine or costs or both."

In the absence of payment of the fine or any portion thereof, petitioner would be confined for 20 days.

The statement also recites:

"Petitioner failed to appear in District Court on June 16, 1971. Instead, he appeared in District Court on June 18, 1971, and reported his failure to accumulate $100.00 for the fine . . . ."

We are unable to determine whether the District Court Judge, at the time of petitioner's appearance on June 18, found that petitioner's failure to raise the fine resulted from his willful neglect or indifference, or whether petitioner had made reasonable and diligent, but nonetheless unsuccessful efforts to secure the money.

There may well be inherent in the case issues as to whether there have been procedural due process violations, substantive due process violations or equal protection violations depending upon what facts are found.

There has developed a clear trend in both federal and state case law indicating growing judicial disenchantment with the practice of jailing indigents for nonpayment of fines imposed for criminal violations.

Thus, constitutional infirmities have been detected in cases in which the period of incarceration for nonpayment of fines exceeds the statutory maximum jail sentence provided for the offense charged, Williams v. Illinois,[3] 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970); Lucas v. United States, D.C.App., 268 A.2d 524 (1970); Schreck v. State, Fla.App., 240 So.2d 873 (1970); where the incarceration for nonpayment deprived the defendant of the benefits of a statute granting *"credit"* for prison time served in lieu of fine payment, Arthur v. Schoonfield, 315 F.Supp. 548 (D.C.Md.1970); and where immediate payment was required, or no reasonable opportunities to pay the fine were accorded the defendant, Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); Morris v. Schoonfield, 399 U.S. 508, 90 S.Ct. 2232, 26 L.Ed.2d 773 (1970); State v. DeBonis, 58 N.J. 182, 276 A.2d 137 (1971); State v. Bender, Del.Super., 283 A.2d 847 (1971).

The *Tate, Williams* and *Morris* trilogy underscores the United States Supreme Court's disapprobation of economic classifications in the criminal process, as first signaled by Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

The decisions do not, however, dictate that a person who is sentenced to pay a fine imposed for criminal conduct can *never* be imprisoned when in default of payment of such fine.

In his concurring opinion in *Morris,* for example, Mr. Justice White places *Williams* in what we regard to be the proper perspective:

"As I understand it, Williams v. Illinois does not mean that a State cannot jail a person who has the means to pay a fine but refuses or neglects to do so. *Neither does it finally answer the question whether the State's interest in deterring unlawful conduct and in enforcing its penal laws through fines as well as jail sentences will justify imposing an 'equivalent' jail sentence on the indigent who, despite his own reasonable efforts and the State's attempt at accommodation, is unable to secure the necessary funds.* But *Williams* means, at minimum, that in imposing fines as punishment for criminal conduct more care must be taken to provide for those whose lack of funds would otherwise automatically convert a fine into a jail sentence." (Emphasis supplied). 399 U.S. 508, 509, 90 S.Ct. 2232, 2233, 26 L.Ed.2d 773, 774.

Tate v. Short, we believe, is also self-limiting.

---

3. Writing for the Court, Chief Justice Burger states:
"We conclude that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination that rests on ability to pay . . . . " 399 U.S. 235, 240–241, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586, 592.

The petitioner in *Tate* was convicted on nine traffic offenses which, under Texas statute, were punishable by fines only. He was unable to pay the fines imposed, totaling $425, and was ordered to prison for 85 days (at a *"credit"* rate of $5 a day). The Texas Court of Criminal Appeals affirmed a denial of his petition for habeas corpus, rejecting the constitutional claim upon which the Supreme Court, by certiorari, reached its decision to reverse and remand. Expressing the view of seven members of the Court, Mr. Justice Brennan found the same *"unconstitutional discrimination"* as in *Williams,* based upon the imposition of punishment in excess of that provided by statute:

> "Since Texas has legislated a *'fines only'* policy for traffic offenses, that statutory ceiling cannot, consistently with the Equal Protection Clause, limit the punishment to payment of the fine if one is able to pay it, yet convert the fine into a prison term for an indigent defendant without the means to pay his fine. Imprisonment in such a case is not imposed to further any penal objective of the State. It is imposed to augment the State's revenues but obviously does not serve that purpose; the defendant cannot pay because he is indigent and his imprisonment, rather than aiding collection of the revenue, saddles the State with the cost of feeding and housing him for the period of his imprisonment." 401 U.S. 395, 399, 91 S.Ct. 668, 671, 28 L.Ed.2d 130, 134–135.

The *Tate* Court recognized, but declined to address the delicate constitutional question which must ultimately be faced:

> "Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful *despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case."* (Emphasis supplied). 401 U.S. 395, 400–401, 91 S.Ct. 668, 672, 28 L.Ed.2d 130, 134–135.

More succinctly stated, the question becomes whether or not an individual may be imprisoned for nonpayment of a fine *solely* because of his indigency.

When a Judge imposes a fine only, it can reasonably be argued that he has made a determination that the penal objectives of the State require the imposition of a fine and not imprisonment.

The constitutional question arises if, acting under a statute which authorizes sentence of imprisonment and a fine or imprisonment or a fine, a fine is ordered paid, and thereafter, without a hearing and a finding of willful nonpayment, the prisoner is ordered incarcerated in order to satisfy the fine. If the prisoner is unable to pay a fine only because of his poverty, which poverty arises from circumstances beyond his control, the effect of the incarceration is not punishment for willful failure to pay the fine, but rather that his body is held in satisfaction in whole or in part of the obligation.

It is this reasoning which caused us to say in Yoder v. County of Cumberland, Me., 278 A.2d 379, 384 (1971), in speaking of imprisonment for failure to pay a civil debt:

> "Maine has repudiated the common law principle by which a person who has been judicially adjudicated subject to a civil obligation to pay money is deprived of his liberty and imprisoned so that his *body* might be held as *satisfaction,* in whole or in part, of the obligation."

Much earlier in Vesanen v. Pohjola et al., 140 Me. 216, 226, 36 A.2d 575, 579 (1944), this Court said:

> ". . . no longer in this state is arrest and imprisonment regarded as a satisfaction of a debt; imprisonment now is solely for the purpose of obtaining a discovery of the debtor's property."

When a Court has made the determination that the penal objectives of the State will be met by payment of a fine alone, it could well be that it is constitutionally insignificant whether the defendant might have been imprisoned for his crime at the outset, if the Court had determined that the penal objectives of the State required imprisonment.

We intend here only to point out the broad dimensions of the questions which may be posed in petitioner's case. We do not decide the validity of his claim that 15 M.R.S.A. § 1904 is unconstitutional as applied to him, since proper facts are not before us.

The entry must be,

Report discharged.

Remanded for further findings.

WEBBER, J., was a member of this Court when this case was reported but retired before the adoption of this opinion.

All Justices concurring.