**Daniel STANDISH**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

June 13, 1974.

Gordon E. Stein, Pine Tree Legal Assistance, Inc., Augusta, Murphy & Sayer by Michael Sayer, Lisbon Falls, for plaintiff.

Donald H. Marden, County Atty., Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

On report.[1]

Petitioner seeks a determination that his incarceration in the Kennebec County Jail is invalid, asserting that the statute which authorized his imprisonment, as applied to him, is unconstitutional. He was convicted in the Seventh District Court for illegal possession of cannabis and on April 20, 1972, sentenced to pay a fine of $250.00. Because he did not have the funds with which to pay the fine the case was continued until May 4, 1972, when, still being without funds, he was committed to the County Jail in default of payment pursuant to 15 M.R.S.A. § 1904.[2] He then initiated a petition for a writ of habeas corpus (14 M.R.S.A. § 5501 et seq.), which is before us on report with a mandate to "render such decision as the rights of the parties require," based on "the Superior Court's Finding of Fact and the agreed statement of facts."

This report was ordered on January 8, 1973. Blackwell v. State, 311 A.2d 536 (Me.1973), was decided November 21, 1973 and, in our view, controls the result we must here reach, namely, to discharge the

---

1. "The court may, upon request of all parties appearing, report any action to the Law Court for determination where there is agreement as to all material facts, if it is of the opinion that any question of law is involved of sufficient importance or doubt to justify the same." M.R.C.P., Rule 72(b).

2. "Except when otherwise provided, any convict sentenced to pay a fine or costs or both and committed or confined for default thereof and for no other cause shall be given a credit of $5 on such fine or costs or both for each day during which he shall be confined and shall be discharged at such time as the said credits or such credits as have been given and money paid in addition thereto shall equal the amount of the fine or costs or both, but no convict shall serve more than 11 months to discharge his liability under any single fine or costs or both, and in all cases no further action shall be taken to enforce payment of said fine or costs or both." 15 M.R.S.A. § 1904.

report and remand the case for further findings.

Preliminarily, a comment on procedure is deemed appropriate. The Justice assigned to hear the petition made "Findings of Fact" but the report additionally incorporated an "Agreed Statement of Facts."

 Provided an *appeal* is taken from the denial of post-conviction relief, findings of fact made in the Superior Court are binding unless clearly erroneous. Gordon v. State, 232 A.2d 527 (Me.1967); Stone v. State, 222 A.2d 153 (Me.1966). However, when the parties adopt the vehicle of a *report* on agreed facts pursuant to M.R.C.P., Rule 72(b), our duty, as the Law Court, is to decide *both* issues of fact and law. The adoption of our Civil Rules of Procedure in 1959 did not alter this pre-rule practice. (See Field, McKusick and Wroth, ·Maine Civil Practice, Rule 72, Commentary 72.5) *See also* Buck v. Kilgore, 298 A.2d 107, 108, n. 3 (Me.1972).

 The two methods of obtaining appellate review, i. e., by *appeal* or on *report*, are mutually exclusive.

 Although the Justice below made factual findings, we consider them as being purely gratuitous and irrelevant to our decision. Simply put, if on *report* we are asked to render a decision based on an agreed statement of facts, it becomes our *sole* duty to appraise those facts and draw such inferences and conclusions therefrom as are necessary for a final decision. We cannot be bound by the factual conclusions of a single justice.[3]

Limiting our discussion, then, to the agreed statement, has the petitioner established any factual basis for post-conviction relief? Since *Blackwell* contains a thorough analysis of the constitutional problems created by the incarceration of a criminal defendant for default in the payment of a fine, we see no necessity to elaborate further thereon. Rather, we must consider whether the agreed statement of facts is sufficiently complete to necessitate a determination of the constitutionality of petitioner's incarceration since, otherwise, our well established policy is to decline to pass on such an issue.

Petitioner, on April 20, 1972, being then without assets, employment or income, was sentenced to pay a fine of $250.00. Execution of this sentence was stayed until May 4, 1972, "to give Petititioner an opportunity to raise" the fine. On this latter date the District Court Judge, on being advised that attempts "to raise the money" were unsuccessful, "executed the sentence of the Petitioner."

Petitioner, a school drop-out, had been unemployed since the fall of 1971, living "with friends" and existing "on surplus food and food given him." Between the date of his conviction and incarceration his efforts to obtain the money with which to pay the fine consisted of asking his father to pay it,[4] and unsuccessfully seeking employment from at least four manufacturing plants in the area.

 What the agreed statement does not contain is whether these facts were made known to the District Court Judge

---

3. The single Justice made the following factual finding:
 "Hearing having been had on the sole factual issue of indigency, I find that on April 20, 1972, May 4, 1972 and at all other material times the petitioner is and was ·an indigent person; and that he has not declined to accept available employment and cannot be found to have wilfully or artificially created'his indigent condition. Counsel are directed to submit their agreement and order for report."
 Notably absent from the foregoing is whether the District Court Judge was presented with facts relating to the critical dates from which he would be compelled to reach the same conclusion.

4. The father's motive for refusing the request are not stipulated, and we do not draw an adverse inference from the language used in the agreed statement, namely: "Between ·April 20, 1972, and May 4, 1972, the Petitioner asked his father to pay this fine but was told by his father that if the Petitioner did not find a job, then his father would not pay the fine."

when he ordered the petitioner committed to jail in default of payment of the fine. Neither does the record disclose the reasons which motivated the sentencing Judge, on May 4, 1972, to order the sentence "executed." Critical to the decision requested by the report is an appropriate finding by the District Court Judge as to whether or not

> "petitioner's failure to raise the fine resulted from his willful neglect or indifference, or whether petitioner had made reasonable and diligent, but nonetheless unsuccessful efforts to secure the money."

*Backwell,* 311 A.2d at 538. Since the record before us is silent thereon, we are unable to decide the case.

The entry must be:

Report discharged. Remanded for further findings.[5]

All Justices concurring.

---

5. We might decide that since the petitioner, having the burden of proof to demonstrate his entitlement to post-conviction relief, has failed to present adequate facts to support his position, judgment should be for the State. However, not only are there important issues raised which challenge the constitutionality of 15 M.R.S.A. § 1904 as applied to the petitioner but, also, *Blackwell* was not decided when the procedure here adopted was instituted. We feel fairness requires that petitioner be given an opportunity to raise these issues consistent with the holding in *Blackwell.* Nevertheless, we do not wish to be understood as suggesting that in future reports of post-conviction proceedings where an inadequate record is presented, a remand for further findings is automatic.