STATE OF MAINE *vs.* ERNEST STROUT.

Androscoggin.     Opinion July 21, 1933.

*Frank T. Powers,*
*A. L. Martin,* Attorneys for the State.
*Berman & Berman,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   If one wilfully burns his building, which is insured against loss by fire, or causes it to be burned, with intent to defraud the insurer, the act of burning, or privity thereto, constitutes a felony. R. S., Chap. 138, Sec. 24.

This prosecution against the owner of an insured building is not for himself having fired the structure, but for having caused it to be burned. The indictment uses the very words of the statute, but it is not more descriptive with respect to any particular criminal act.

The defendant demurred. The demurrer was overruled, and an exception taken. Leave to plead anew was specially granted. It is contended that the charge of causing the building to be burned is not an allegation of fact, but merely a conclusion of the pleader; that being thus restricted in its phrase, the indictment is not informative to a degree enabling the accused to prepare his defense.

An indictment describing an offense in the language of the stat-

ute is sufficient. This commonly repeated rule is ordinarily correct. *State* v. *Doran*, 99 Me., 329, 59 A., 440. It, however, depends upon the manner in which the offense is defined in the statute. If the statute does not sufficiently set out the facts which make the crime, so that a person of common understanding may have adequate notice of the nature of the charge which he is called upon to meet, then a more definite statement of the facts than is contained in the statute becomes necessary. *State* v. *Lashus*, 79 Me., 541, 11 A., 604; *State* v. *Doran*, supra. It is not enough that the indictment detail the facts from which an offense may be implied, or only so many of the essential elements as might suggest all the other elements; it must specify everything necessary to criminality.

The sixth amendment to the Constitution of the United States provides that the accused shall enjoy the right to be informed of the nature and cause of the accusation. The Constitution of Maine contains a similar provision. Con. of Maine, Article 1, Section 6.

In order to properly inform the accused of the "nature and cause of the accusation", the commission of the offense must be fully, plainly, substantially, and formally set forth.

The object of an indictment is, first, (a) to furnish reasonable fulness of recital of the alleged crime, that a defense may not be rested upon the hypothesis of one thing, with the hazard of surprise by evidence, on the part of the government, of an entirely different thing; (b) to enable the defendant to avail himself of his conviction or acquittal, for protection against a further prosecution for the same cause; second, to give the court sufficient information to determine whether the facts alleged would support a conviction if one should be had. *State* v. *Paul*, 69 Me., 215; *State* v. *Beattie*, 129 Me., 229, 151 A., 427; *State* v. *Navarro*, 131 Me., 345, 163 A., 103.

In the instant case, a fuller statement of facts than is made in the indictment, becomes requisite to bring accusation within the precise inhibition of the statute.

The exception to the overruling of the demurrer must be sustained.

*Exception sustained.*