STATE OF MAINE

*vs.*

JACK SCHLEAEFER

Hancock.  Opinion, April 9, 1952.

*Edwin R. Smith, County Attorney,* for the state.

*Herbert T. Silsby,*
*Kenneth W. Blaisdell,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.  The respondent was charged in a complaint brought before the Bar Harbor Municipal Court with the offense of hunting wild animals in the night time, to wit, deer.  He pleaded guilty; was sentenced to pay a fine of $200 and costs, and to serve thirty days in jail.  He appealed to the Superior Court sitting at Ellsworth, and with-

out filing any new pleading, he brings the case on report to this court on an agreed statement of facts, which raises the question whether the complaint sets forth any offense. If it does, judgment shall be entered for the state; if not, a *nolle prosequi* is to be entered.

It would have been in order for the justice of the Superior Court to sentence the respondent on the plea entered in the court below. As long as the question is raised in this manner of the sufficiency of the complaint, we shall consider that question on its merits, particularly in view of the respondent's plea of guilty. The complaint is attacked on several specific grounds.

(A) It is very loosely drawn but it is sufficient. The statute makes it "unlawful to hunt wild animals from ½ hour after sunset until ½ hour before sunrise of the following morning, except skunks and raccoons." The respondent objects that the complaint does not negative the fact of his hunting skunks and raccoons. When it says that he was hunting deer, it does negative that he was hunting skunks or raccoons. We know the difference here in Maine and there could not possibly be any confusion.

(B) It is said that the time alleged is indefinite. Counsel evidently have in mind the recent case of *State* v. *Rowell* 147 Me. 131, 84 A. (2nd) 140, but that case is very different from this. In that case the time of day was an essential part of the offense. It may be here but it is definitely stated.

As the appeal vacated the sentence imposed in the Municipal Court, and as the plea of guilty entered therein still stands, the case must be remanded to the Superior Court for sentence. The entry must be

*Judgment for the State.*

*Case remanded to the Superior Court for sentence.*