STATE OF MAINE
*vs.*
ROCH HOUDE

Oxford.    Opinion, April 8, 1955.

*Henry H. Hastings,* for State.

*John A. Platz,* for respondent.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WILLIAMSON, J.    The issue in this criminal case is whether a complaint that the respondent on a day certain in 1953 at Rumford "did operate a motor vehicle, to wit, an automobile, upon a public way, to wit, U. S. Route No. 2 in said Rumford, in a reckless manner against the peace of the State and contrary to the form of the statute in such case made and provided" is sufficient in law to charge the offense of "reckless driving." The case comes from the Superior Court on exceptions to the overruling of respondent's demurrer.

The pertinent provisions of the statutes and constitution read:

> "Whoever operates any vehicle upon any way or in any place to which the public has a right of access:
>
> I. Recklessly; or
>
> II. In a wanton manner causing injury to any person or property; shall be guilty of reckless driving. . ."

R. S., c. 19, § 119 (1944), now R. S., c. 22, § 148 (1954).

> "In all criminal prosecutions, the accused shall have a right. . .;
>
> "To demand the nature and cause of the accusation, and have a copy thereof; . . ."

Maine Constitution Article I, Section 6.

The constitutionality of the statute is unquestioned. "Recklessly," "in a wanton manner," and "reckless driving" are words sufficiently definite and certain in meaning and descriptive of the prohibited acts to form the basis for the establishment of the offense. See *State* v. *Hamilton,* 56 S. E. (2nd) 544 (W. Va. 1949), 12 A. L. R. (2nd) 573 and Annot.; 5 Am. Jur., Automobiles § 802; 61 C. J. S., Motor Vehicles § 609. Whether this particular complaint meets the constitutional guarantee is a different and distinct question, and it is to this issue that the respondent directs his attack.

The offense is here charged in the statutory language or its equivalent. The words "in a reckless manner" used by the State of course have the same meaning as "recklessly" in the statute. There is, however, no statement whatsoever, apart from date and place, of the facts on which the charge is grounded.

The core of the offense of "reckless driving" plainly lies not in the act of operating a motor vehicle, but in the manner and circumstances of its operation. For example, a particular manner of operation lawful in the daylight, or upon a dry highway, or in the country, may be reckless at night, or under conditions of ice or storm, or on a crowded city street. Until the manner and surrounding circumstances of operation are known, it is impossible to determine whether or not there has been a violation of the statute. From the statement "in a reckless manner" taken alone, as in this complaint, the respondent gains no information of the facts from which the State will seek to prove the ultimate fact of "reckless driving."

In our view the complaint is insufficient under the rule well stated by our court in *State* v. *Strout,* 132 Me. 134, at p. 136, 167 Atl. 859 (1933) arising as here on demurrer, in these words:

> "If the statute does not sufficiently set out the facts which make the crime, so that a person of common understanding may have adequate notice of the nature of the charge which he is called upon to meet, then a more definite statement of the facts than is contained in the statute becomes necessary."
>
> * * * * * * * * *
>
> "In order to properly inform the accused of the 'nature and cause of the accusation', the commission of the offense must be fully, plainly, substantially, and formally set forth.
>
> "The object of an indictment is, first, (a) to furnish reasonable fulness of recital of the alleged crime, that a defense may not be rested upon the hypothesis of one thing, with the hazard of surprise by evidence, on the part of the government, of an entirely different thing; (b) to enable the defendant to avail himself of his conviction or acquittal, for protection against a further prosecution for the same cause; second, to give the court

sufficient information to determine whether the facts alleged would support a conviction if one should be had."

See *State* v. *Ewart*, 149 Me. 26, 98 A. (2nd) 556 (1953), and cases cited.

Complaints of like nature with the case at bar have been held insufficient elsewhere.

The New Hampshire Court said in *State* v. *Gilbert*, 194 Atl. 728, at 729 (1937):

"While it is true that recklessness in the operation of a motor vehicle and the resulting death of a person are the sole requirements of the crime of which the defendant is accused, it is equally true that reckless conduct must be inferred from definite overt acts, and that no act on which recklessness could be predicated is here alleged."

\* \* \* \* \* \* \* \* \*

"Furthermore, the material facts which the State seeks to prove at the trial must be substantially the same as those on which the indictment is based, and to hold that the general accusation of recklessness in the operation of a motor vehicle is a sufficient specification of the defendant's behavior at the time of the accident is to open the door to proof of conduct differing in important respects from that on which the grand jury has acted."

In *State* v. *Aaron*, 90 Vt. 183, 97 Atl. 659 (1916), the Vermont Court in passing upon the charge of "carelessly operating," said at 660:

"So, too, when it is not the act itself, but the manner in which it is done, that makes it criminal, the manner must be set forth. In such cases the particular manner becomes a constituent element of the offense."

See also *People* v. *Green*, 13 N. E. (2nd) 278 (Ill. 1938), 115 A. L. R. 348.

The right of the accused to be informed of "the nature and cause of the accusation" against him is guaranteed by the Constitution. Maine Constitution, *supra*. We must guard against any procedure which tends even slightly to reduce the value of this great right of free men.

The entry will be

*Exceptions sustained.*