STATE OF MAINE
*vs.*
SUMNER P. HOPKINS

York.   Opinion, December 30, 1958.

William P. Donahue, *County Attorney,*
Marcel R. Viger, *County Attorney,*
Frank F. Harding, *Attorney General,* for State.

Harold D. Carroll,
Sidney R. Batchelder, for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   This case originated upon a complaint lodged in the Kennebunk Municipal Court charging the respondent with a violation of the rules and regulations of the Maine Turnpike Authority with respect to speed. After conviction, the respondent appealed to the Superior Court where demurrer to the complaint was seasonably filed. Exceptions taken to the overruling of this demurrer raise the issue here.

The complaint contains no allegation that the rules and regulations of the Maine Turnpike Authority were ever pub-

lished. Such omission is fatal and the complaint fails to charge an offense. The Private and Special Laws of Maine 1941, Chap. 69, Sec. 19 provides as follows: "**Sec. 19. Penalty.** Any violation of *published* rules and regulations relating to the turnpike, its use or services * * *, shall be deemed a misdemeanor and shall be punishable by a fine not exceeding $10 * * *." (Emphasis ours). The necessity of both allegation and proof of publication is not a mere technical requirement. The Legislature obviously intended that the public should have notice by publication before any violation of the rules and regulations could properly be charged. The situation created by failure to allege publication is not unlike that discussed in *State* v. *Merrill,* 132 Me. 103, 106.

The respondent relies upon his contention that serious constitutional questions are involved arising out of the alleged delegation of legislative power to the Authority. We neither intimate nor suggest what our holding would be upon these constitutional issues. Following well defined and established precedents, we hold that when reasons are apparent for sustaining a demurrer without resort to any constitutional question, the latter issue is not reached. The failure to allege publication is dispositive of the issue tendered by the demurrer. The entry will be

*Exceptions sustained.*