STATE OF MAINE

*vs.*

GERARD CHARETTE

York.   March 21, 1963

*John J. Harvey, County Attorney,*
*George S. Hutchins, Asst. County Attorney,* for the State.

*Robert G. Pelletier,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

TAPLEY, J. On exceptions. The respondent was indicted under provisions of P. L., 1957, Chap. 333, Sec. 2, as amended (now Chap. 22, Sec. 151-B, R. S., 1954). The pertinent portion of the section reads:

"Any person who operates a vehicle with reckless disregard for the safety of others and thereby causes the death of another person, when the death of such person results within one year, shall be guilty of the offense of reckless homicide."

The respondent filed a demurrer attacking the sufficiency of the indictment. The demurrer was overruled, whereupon the respondent took exceptions.

The indictment is couched in the following language:

## "STATE OF MAINE

YORK, ss.

At the Superior Court, begun and holden at Alfred within and for the County of York, on the first Tuesday of MAY in the year of our Lord one thousand nine hundred and sixty-two

THE GRAND JURORS FOR SAID STATE upon their oath present that Gerard Charette of Sanford in the County of York, laborer, on the twenty-third day of March in the year of our Lord one thousand nine hundred and sixty-two at Old Orchard Beach in the County of York, with force and arms did willfully, unlawfully and feloniously operate a motor vehicle, to wit, an automobile, over and upon Saco Avenue, so called, in said Old Orchard Beach, with reckless disregard for the safety of others, to wit, with reckless disregard for the safety of Joseph Vincent Bell, in that he did then and there fail to keep a proper lookout under the surrounding circumstances, and failed to see said Joseph Vincent Bell who was crossing said Saco Avenue, did then and there fail to have his motor vehicle under proper control, did then and there operate said motor vehicle knowing that said motor vehicle was not then and there provided with brakes adequate to stop said motor vehicle and sufficient to control said motor vehicle, whereby the said Gerard Charette did then and there operate his said motor vehicle on and into the person and body of said Joseph Vincent Bell and did then and there cause the death of said Joseph Vincent Bell within one year thereafter and on the twenty-third day of March, 1962, against the peace of said State, and contrary to

the form of the Statute in such case made and provided.

A TRUE BILL

                    Kenneth R. Stowe    FOREMAN.

John J. Harvey

Attorney for the State for said County."

The respondent contends that the indictment is insufficient in law because:

"1. The indictment fails to appraise the respondent of what the 'surrounding circumstances' were.

2. The indictment fails to appraise the respondent of the manner in which he failed to have the motor vehicle under proper control.

3. The indictment is insufficient in that it does not allege that an unlawful act committed by the respondent was the proximate cause of death.

4. The indictment is insufficient in that it does not state the date said Joseph Vincent Bell died.

5. The indictment fails to contain all the allegations necessary to sustain an indictment of reckless homicide in that it does not sufficiently set out the facts that make the crime, and therefore the respondent is not appraised of what the State is attempting to prove."

If the statute does not sufficiently set out the facts which constitute the crime, then the pleadings must contain a more definite statement of the facts. *State* v. *Strout*, 132 Me. 134; *State* v. *Lashus*, 79 Me. 541.

The object of an indictment is (1) to furnish the respondent with a *reasonable* recital of the alleged crime so that he is sufficiently apprised of the charge in order that he may properly prepare his defense; (2) to enable him to use a conviction or acquittal for his protection against a further prosecution for the same cause; (3) to give the

court sufficient information to determine whether the facts alleged in the indictment would support a conviction should one be obtained. *State* v. *Strout, supra; State* v. *Beattie,* 129 Me. 229; *State* v. *Navarro,* 131 Me. 345. In the instant case counsel for the respondent, in contention, says that the indictment, although it contains more than the mere words of the statute, nevertheless lacks sufficiency in law because it fails to describe the charge with the exactness and precision which proper criminal pleading requires.

The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise.

This court recently had occasion to consider an indictment of similar import and content in the case of *State* v. *Child,* 158 Me. 242 (1962). The similarity of the pleadings in the *Child* case and the instant case, in our view, bears heavily on determining that the indictment now under consideration is sufficient.

The respondent has a constitutional right, in being charged with crime, to have the written allegation of the accusation full and complete, both as to statutory language and words descriptive of the alleged crime in case the language of the statute is so vague and indefinite as to require further description of the substance, nature or manner of the offense. The prosecutor, however, is not required, by the accepted rules of criminal pleading, to make averments in indictments or complaints to the degree they become a recital of evidence.

The justice below was not in error in overruling the demurrer.

*Exceptions overruled.*