**STATE of Maine**

**v.**

**Kendall T. WHITE, Jr.**

Supreme Judicial Court of Maine.

Aug. 20, 1971.

Joseph C. Brennan, County Atty., Donald Lowry, Asst. County Atty., Portland, for the State.

Vernon I. Arey (Law Student), Joseph Jabar (Law Student), Cushman D. Anthony, Supervising Atty., Cumberland Legal Aid Clinic, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

WEBBER, Justice.

On report. The defendant having been convicted in the District Court of the offense of "disorderly conduct" (17 M.R.

S.A., Sec. 3953) appealed to the Superior Court. There he filed a motion to dismiss the complaint, alleging in effect (a) that the statute proscribing "disorderly conduct" is constitutionally invalid as impermissibly vague and overbroad, and (b) that the complaint is legally insufficient to charge any criminal offense. By agreement of the parties and upon an appropriate order of the Superior Court pursuant to M.R.Crim. P., Rule 37A(a) these issues were reported for determination by the Law Court.

Since in our view the defendant must prevail upon the second issue, we do not reach the constitutionality of 17 M.R.S.A., Sec. 3953. The long established practice of this Court was recognized and the reasons for such practice were well and clearly stated by the late Chief Justice Merrill in Morris v. Goss (1951) 147 Me. 89, 93, 83 A.2d 556, 559 in these terms:

"We are not unmindful of the well established rule that questions of constitutional law should not be passed upon unless strictly necessary to a decision of the cause under consideration. Payne v. Graham, 118 Me. 251, 107 A. 709, 7 A. L.R. 516. This rule should not be departed from except for strong reason and under extraordinary circumstances. The rule is particularly applicable to cases *involving the validity of action by the Legislature*, a coordinate branch of government. One of the basic reasons for the rule is that the court should refrain from the exercise of its undoubted authority to declare legislative action to be in violation of the Constitution except in those cases where such declaration is absolutely required of it, thereby exhibiting the respect which one coordinate branch of the government should render to another. Furthermore, except in extraordinary cases the court will rely upon the presumption of the constitutionality of legislative action and not even examine the question unless a determination thereof is strictly necessary to a decision disposing of the cause before it for determination." (Emphasis supplied.)

In Johnson v. Maine Wetlands Control Board (1969) (Me.) 250 A.2d 825, 827 we said, "It has long been the judicial policy of this Court to decline to pass upon the question of constitutionality of a statute unless this is entirely necessary to a decision of the cause in which it is raised. Vigue v. Chapman, 138 Me. 206, 24 A.2d 241 (1941); Inhabitants of Town of Warren v. Norwood, 138 Me. 180, 24 A.2d 229 (1941)." See also State v. Hopkins, 154 Me. 317, 318, 147 A.2d 450 (1958).

Omitting the formal portions, the complaint here charged that the defendant "did by offensive and disorderly conduct and offensive and disorderly language annoy and interfere with one David Martino although such conduct and language did not then and there amount to an assault and battery." In effect the complaint employed the language of the statute which proscribes the "breach of the peace" committed when any person "shall by any offensive or disorderly conduct, act or language annoy or interfere with any person in any place * * * although such conduct, act or language may not amount to an assault or battery." In our view this case is governed by the rule announced in State v. Houde (1955) 150 Me. 469, 114 A.2d 366. In that case the statute proscribed operation of a motor vehicle "recklessly," denominating such conduct as "reckless driving." The offense was charged by the complaint "in the statutory language or its equivalent." We viewed the generic conduct proscribed as an ultimate fact requiring the allegation and proof of essential underlying facts tending to establish such ultimate fact. We said, "From the statement 'in a reckless manner' taken alone, as in this complaint, the respondent gains no information of the facts from which the State will seek to prove the ultimate fact of 'reckless driving.'"

So in the instant case the complaint fails to inform either the respondent or the Court as to what acts involving respondent's conduct or language are said to have occurred and to have amounted to disorder-

ly conduct, the ultimate fact. The importance of this requirement becomes apparent when we consider that many forms of conduct and language, although distasteful to certain individuals or even to a majority of people, are nevertheless afforded constitutional protection. The complaint must be worded with a sufficient specificity to enable the Court to make such a determination. In *Houde* we relied in part upon State v. Strout (1933) 132 Me. 134, 167 A. 859 which required that the State's pleading enable the respondent to prepare a defense to meet the issues tendered, furnish the basis of a later claim of double jeopardy, and "give the court sufficient information to determine whether the facts alleged would support a conviction if one should be had." The complaint here fails to satisfy any of these requirements.

■ The State suggests that by the adoption of Maine Rules of Criminal Procedure, the requirements of *Houde* have been relaxed and the allegations of the instant complaint meet the demands of Rule 7(c) and M.D.C.Crim.R., Rule 3. Those rules specify that the indictment, information or complaint "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Although technical procedural requirements are greatly simplified by the new rules of criminal procedure, there is no abandonment of the requirement that "essential facts" be stated. Glassman,

Maine Practice makes this clear and in fact draws attention to the continuing requirements of Houde. At page 66 the Reporter's Notes state the following:

"M.R.S.A.Const. Art. 1, § 6, guarantees to a defendant the right 'to demand the nature and cause of the accusation.' This rule would continue to guarantee that right. While dispensing with the technicalities of common law pleading, the rule, as interpreted by the United States Supreme Court, is not unlike recent decisions of the Supreme Judicial Court of Maine. Most recently in State v. Charette, 159 Me. 124, 188 A.2d 898 (1963) the court stated: 'The test to be applied is whether a respondent of reasonable and normal intelligence, would by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise.' *The rule would not change the result in cases such as State v. Houde, 150 Me. 469, 114 A.2d 366 (1955), requiring that a charge of operation of a motor vehicle in a reckless manner also contain the particulars or circumstances which made the particular operation reckless.*" (Emphasis ours)

The entry will be

Motion granted.

Complaint dismissed.