**Paul CRESS**

v.

**STATE of Maine and Allan L. Robbins, Warden, Maine State Prison.**

Supreme Judicial Court of Maine.

Sept. 27, 1971.

Wright & MacMichael by James MacMichael, Skowhegan, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

This petition for the statutory writ of post-conviction habeas corpus was presented to a Single Justice for decision on the sole issue of whether the indictment to which Petitioner pleaded guilty and on which he was sentenced effectively charges a crime. The Single Justice ruled that the indictment was sufficient and Petitioner has appealed. We agree with the ruling of the Single Justice.

The indictment reads:

"THE GRAND JURY CHARGES:

That on or about the tenth day of March 1969, in the Town of Palmyra, County of Somerset, and State of Maine, the above named defendant, Paul Cress, did in the night time of said day, a building, to wit, a store owned by John K. Tibbetts there situate in which valuable things were then and there kept, feloniously did break and enter, with intent to permanently deprive the owner of his property, and one sixteen (16) ounce can of Budweiser beer of the value of thirty-two ($.32) cents of the property of John K. Tibbetts in said building then and there being, then and there in and from said building did steal, take and carry away."

Petitioner's court-appointed counsel has presented to us Petitioner's contention that the indictment's description of the building —"* * * a building, to wit, a store owned by John K. Tibbetts there situate in which valuable things were then and there kept * * *"—is insufficient 1) to enable the accused to meet the exact charge against him, and 2) to plead any judgment which may be rendered on it in bar of a subsequent prosecution for the same offense.

The test as to sufficiency of indictments has been stated in State v. Charette, 159 Me. 124, 127, 188 A.2d 898, 900 (1963):

"The object of an indictment is (1) to furnish the respondent with a *reasonable* recital of the alleged crime so that he is sufficiently apprised of the charge in order that he may properly prepare his defense; (2) to enable him to use a conviction or acquittal for his protection against a further prosecution for the same cause; (3) to give the court sufficient information to determine whether the facts alleged in the indictment would support a conviction should one be obtained."

The precise question before us is whether the test is met by a description of a building as a store owned by John K. Tibbetts in the town of Palmyra. Must the identity of the building be further established by reciting its name, if it has one, or by a description of its external appearance or of its precise location on the streets of the town? We think not.

The indictment describes the building into which Petitioner is charged to have broken in the manner used in the Courts of this State for many years and its sufficiency has never before been challenged in this Court. In the respects under consideration it follows exactly the language of the form recommended for use in charges of breaking, entering and larceny in Directions and Forms for Criminal Procedure, Whitehouse and Hill, a text on practice and forms which, while not precedent, has for more than half a century commanded the respect of the bench and bar of the State. The form of allegation used here also is approved in Bishop, New Criminal Procedure, Vol. III, Second Ed., § 135.

Furthermore, Form 11, which M.R. Crim.P., Rule 58 declares to be sufficient, requires no more than the language used in this indictment.

We find no authority to the contrary.

If Petitioner had felt that the language of the indictment left any uncertainty as to the identity of the building he could have moved for a bill of particulars. M.R. Crim.P., Rule 7(f). Instead, he pleaded guilty to the charge.

Petitioner's counsel has also transmitted to us Petitioner's own written argument in which he urges that the indictment is defective for the additional reasons that it fails to allege the exact time of night at which the store was entered, the exact manner of the breaking and whether or not the store was open for business at the time of the break. We find these arguments to be without merit.

Appeal denied.

WEBBER, J., did not sit.