**STATE of Maine**

v.

**John GOOD.**

Supreme Judicial Court of Maine.

July 31, 1973.

Galen P. LaGassey, County Atty., Rockland, for plaintiff.

Stephen P. Sunenblick, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WEATHERBEE, Justice.

The Defendant appealed to the Superior Court after being adjudged guilty in the District Court of the offense of disorderly conduct.[1] In the Superior Court the Defendant moved to dismiss the complaint alleging that the statute upon which it was based violated the First and Fourteenth Amendments of the United States Constitution. The Presiding Justice denied Defendant's motion to dismiss.

The Defendant then moved to report the case to this Court and to stay further proceedings in the Superior Court. The issues which the Defendant's motion asks to be determined are whether the disorderly conduct statute, 17 M.R.S.A. § 3953, is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment and whether it is unconstitutionally overbroad in violation of the First Amendment made applicable to the states by the Fourteenth Amendment.

The Justice found that a question of law was involved which ought to be determined by the Law Court before further proceedings were taken and reported it to us as an appeal from an interlocutory ruling. M.R. Crim.P., Rule 37A.

Omitting the formal portions, the complaint alleges that the Defendant:

". . . did unlawfully create a breach of the peace, by then and there using offensive language, to wit, language so vile and obscenenit [sic] would offend common decency to describe it in this complaint and being disorderly in that he, the said John S. Good was using offensive language and refused to leave Bob's Gulf Service station when asked to by the owner, Robert M. Oxton, to the annoyance of customers at said station and to Robert M. Oxton."

■ As the jurisdiction of a court to try a defendant rests in part upon the existence of an instrument which sufficiently charges him with the offense, we can not

---

1. "17 M.R.S.A. § 3953. Disorderly conduct
   Any person who shall by any offensive or disorderly conduct, act or language annoy or interfere with any person in any place or with the passengers of any public conveyance, although such conduct, act or language may not . amount to an assault or battery, is guilty of a breach of the peace and shall be punished by a fine of not more than $100 or by imprisonment for not more than 6 months, or by both."

ignore the apparent inadequacies of this complaint although they are not raised by Defendant's motion.

We have said that

"If the statute does not sufficiently set out the facts which make the crime, so that a person of common understanding may have adequate notice of the nature of the charge which he is called upon to meet, then a more definite statement of the facts than is contained in the statute becomes necessary.

.    .    .    .    .    .

In order to properly inform the accused of the 'nature and cause of the accusation,' the commission of the offense must be fully, plainly, substantially, and formally set forth." State v. Strout, 132 Me. 134, 136, 167 A. 859 (1933).

This statement was reaffirmed in State v. Houde, 150 Me. 469, 471, 114 A.2d 366, 368 (1955).

In State v. White, Me., 280 A.2d 810, 811 (1971) the complaint charged that the defendant

" 'did by offensive and disorderly conduct and offensive and disorderly language annoy and interfere with one David Martino although such conduct and language did not then and there amount to an assault and battery.' "

We found this language to be insufficient to allege an offense of disorderly conduct, saying:

"So in the instant case the complaint fails to inform either the respondent or the Court as to what acts involving respondent's conduct or language are said to have occurred and to have amounted to disorderly conduct, the ultimate fact. The importance of this requirement becomes apparent when we consider that many forms of conduct and language, although distasteful to certain individuals or even to a majority of people, are nevertheless afforded constitutional protection. The complaint must be worded

with a sufficient specificity to enable the Court to make such a determination. .    .    ." State v. White, supra, 280 A. 2d at 811, 812.

■ While the complaint now under consideration is less barren of· specificity than was that in *White* it still fails to allege criminal conduct. A reading of the language of the complaint does not give the Defendant a clear indication of the conduct or language with which he is charged nor does it enable the Court to make a determination that the words and/or conduct would constitute a criminal offense.

When we analyze the complaint itself we find that it is divided into two allegations —the first, that Defendant used "offensive language" which was not quoted but which is described as being "so vile and obscene it would offend common decency to describe it" and, the second, that he used "offensive language" and refused to leave the station when asked to do so by the owner to the annoyance of the owner and customers at the station.

The first part of the charge is palpably inadequate. In State v. Allen, Me., 235 A. 2d 529, 532 (1967) we accepted as correct Professor Wharton's observation that

" '[T]he term [disorderly conduct] is usually held to embrace all such acts and conduct as are of a nature .    .    . to outrage the sense of public decency .    .    .' " Wharton's Criminal Law and Procedure, Anderson, § 805.

The expression of opinion by the complainant as to the vile and obscene nature of Defendant's undisclosed language does not inform either the Defendant or the Court whether the words spoken by the Defendant were such as not only to offend the sensibilities of the complainant but also "to outrage the sense of public decency" or whether, even though of such a nature as to be offensive to some or all of his listeners, they were afforded constitutional protection. Thus, the Defendant is insuffi-

ciently informed to enable him to prepare for trial and the Court is unable to determine whether the allegations would support a conviction if one should be had. State v. Strout, 132 Me. 134, 167 A. 859 (1933).

The other differentiable part of the complaint suffers from a similar inadequacy. The allegation that the Defendant refused to leave the station when asked to do so by the owner suggests a trespass but cannot be said to be an allegation of conduct which can "outrage the sense of public decency" unless read in connection with the allegation of accompanying speech. Here again the allegation that the Defendant was "using offensive language" leaves too many questions unanswered. When the particular language used is not specified neither the Defendant nor the Court knows whether the Defendant is charged with asserting points of view, however annoying to the listeners, which are protected speech under the First Amendment of the United States Constitution and by Article I, § 4 of the Constitution of Maine.

■ As the complaint does not allege an offense, we arrive at a necessary disposition of this appeal without reaching the constitutional issues. Finding no extraordinary circumstances present, we will not make an exception to our practice of declining to pass upon the question of constitutionality of a statute unless it is entirely necessary to a decision on the cause in which it is raised. State v. White, supra; Johnson v. Maine Wetlands Control Board, Me., 250 A.2d 825, 827 (1969); State v. Hopkins, 154 Me. 317, 318, 147 A.2d 450 (1958).[2]

The entry will be:

Appeal sustained.

Complaint dismissed.

All Justices concurring.

2. Our reasons for adhering to this policy were well and clearly stated by the late Chief Justice Merrill in Morris v. Goss, 147 Me. 89, 93, 83 A.2d 556, 559 (1951) and repeated in State v. White, supra.