**STATE of Maine**

**v.**

**Normand R. SYLVAIN.**

Supreme Judicial Court of Maine.

Sept. 29, 1975.

William P. Donahue, Dist. Atty., Alfred, for plaintiff.

Smith, Elliott, Wood & Nelson, P. A. by Charles W. Smith, Jr., George F. Wood, Saco, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WEATHERBEE, Justice.

The defendant-appellant was charged with "unnecessary acceleration of his motor vehicle so as to cause a harsh, unreasonable and objectionable noise, to wit: squealing tires." The complaint was transferred to Superior Court for trial. D.C. Crim.R., Rule 40. There, the defendant filed a motion to dismiss the complaint on the grounds, first, that the statute under which the complaint was brought was so vague and overbroad as to deny the defendant due process and, second, that the complaint lacked the necessary specificity to charge a criminal offense.

The motion to dismiss was denied and the presiding Justice ordered the matter reported to us for an interlocutory ruling upon his denial. M.R.Crim.P., Rule 37A (b). Thus, the issues concerning the constitutionality of the statute and the sufficiency of the complaint are before us on interlocutory appeal. At oral argument, the District Attorney agreed with the defendant that the statute was impermissibly vague and joined him in urging that it be so declared. However, we find no invalidity in either the statute or the complaint.

*Constitutionality of the Statute*

It is well established in this state that:

"All acts of the legislature are presumed to be constitutional and this is a 'presumption of great strength.' . . . The burden is upon him to show its unconstitutionality. . . ." (citations omitted). *State v. Fantastic Fair and Karmil Merchandising Corp.*, 158 Me. 450, 467, 186 A.2d 352, 363 (1962).

In order to succeed in his contention as to the unconstitutionality of the statute, the defendant must therefore clearly demonstrate the statute's invalidity. *Portland Pipeline Corp. v. Environmental Imp. Com'n*, Me., 307 A.2d 1, 10 (1973); *In Re Spring Valley Development*, Me., 300 A.2d 736, 746 (1973).

The statute the defendant allegedly violated reads in significant part:

"No signaling device shall be unnecessarily sounded nor any braking or acceleration unnecessarily made so as to cause a harsh, objectionable or unreasonable noise, . . . ." 29 M.R.S.A. § 1362, *as amended*, P.L. 1967, ch. 117.

The defendant claims that this language fails under the due process clause of the fourteenth amendment which requires, *inter alia*, that:

"[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application . . . [is void]". *Knowlton v. State*, Me., 257 A.2d 409, 410 (1969).

*Accord, State v. Aucoin*, Me., 278 A.2d 395 (1971). Because the statute does not establish any standard by which "harsh, objectionable or unreasonable" noises may be measured, the defendant contends that a person cannot determine with reasonable certainty the types and degrees of noise prohibited. To convict a person under this statute, the defendant argues, is to deprive him of due process. We disagree.

A legislative standard is not incomprehensible merely because it is abstract. *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); *S*** S**** et al. v. State et al.*, Me., 299 A.2d 560 (1973). The defendant's objection to the words "harsh, objectionable or unreasonable" is similar to the objection before the United States Supreme Court in *Kovacs v. Cooper*, 336 U.S. 77, 69 S.Ct. 448, 93 L.Ed. 513 (1949). In that case, the

defendant claimed that the words "loud and raucous" in a noise abatement statute were too abstract to define the normative standard to which the citizen must conform his conduct. That Court held:

> "While these are abstract words, they have through daily use a content that conveys to any interested person a sufficiently accurate concept of what is forbidden. 336 U.S. at 79, 69 S.Ct. at 449, 93 L.Ed. at 518.

■ The legislative purpose here is clearly to mitigate that part of all highway noise that results from horn blowing and sudden acceleration by mischievous or inconsiderate drivers. While the statute does not set exact decibel limitations, its proscriptions are framed in words of common use and understanding. Only such noises harsh and loud enough to offend the sensibilities of the hearing public to an unreasonable degree are prohibited.

Moreover, the statute recognizes the occasional necessity of highway noise of such unusual and unpleasant intensity. The use of the word "unnecessarily" is an accomodation of the public interest in freedom from disturbing noises with the occasional defensive action necessary to highway safety. For example, the avoidance of a collision with persons or other vehicles may require the sounding of a horn or either sudden acceleration or deceleration. The statute bars only such noises which are unnecessary to the safe movement of the vehicle.

We have no doubt that the familiar language employed in the statute conveys a sufficiently accurate concept of what is forbidden.

### Sufficiency of the Complaint

■ The defendant-appellant contends that the complaint against him did not properly charge a criminal offense because it fails to designate the particular acts which constituted the defendant's violation and recited instead only the "ultimate fact" as proscribed by statute. *State v. White,* Me., 280 A.2d 810 (1971).

■ The complaint must inform the defendant of the specific acts which he is accused of having committed in violation of the law. As this Court has previously explained:

> "The object of an indictment is, first, (a) to furnish reasonable fullness of recital of the alleged crime, that a defense may not be rested upon the hypothesis of one thing, with the hazard of surprise by evidence, on the part of the government, of an entirely different thing; (b) to enable the defendant to avail himself of his conviction or acquittal, for protection against a further prosecution for the same cause; second, to give the court sufficient information to determine whether the facts alleged would support a conviction if one should be had." *State v. Strout,* 132 Me. 134, 136, 167 A. 859 (1933).

The complaint in issue charges that the defendant operated a motor vehicle

> "in a manner by unnecessary acceleration so as to cause a harsh, unreasonable and objectionable noise, to wit; squealing tires. . . ."

The defendant reminds us that we have said that it is not, in every case, sufficient for the complaint to charge the offense in the language used by the statute. We said in *State v. Strout, supra,* 132 Me. at 136, 167 A. at 859:

> "If the statute does not sufficiently set out the facts which make the crime, so that a person of common understanding may have adequate notice of the nature of the charge which he is called upon to meet, then a more definite statement of the facts than is contained in the statute becomes necessary."

The characterization of the noise in the complaint is not limited to the statutory language; the specification of "squealing tires" describes the noise in words of com-

mon use and understanding. Moreover, the complaint states the manner in which the State says the defendant caused the noise—"by unnecessary acceleration".

The verb "squeal" is defined as "to cry with a sharp, shrill, prolonged sound". Webster's New International Dictionary, 2d ed. We note that this is also the meaning conveyed by the word in common use and that its use as a descriptive adjective adequately describes the familiar sound which results from sudden and extreme acceleration of tire rotation upon pavement.

The defendant recommends *State v. Houde*, 150 Me. 469, 114 A.2d 366 (1955), as authority for his position that it is not sufficient to charge an offense by alleging only the "ultimate fact" forbidden by the statute. A comparison with *Houde* emphasizes the sufficiency of the present complaint.

In *Houde* the complaint charged that the defendant drove "recklessly", but it failed to allege the particular conduct which constituted recklessness. The present complaint could be equated with *Houde* in insufficiency if it charged only that the defendant drove in such a manner as to cause unreasonable noise. Instead, the present complaint charges not only the ultimate forbidden fact but it also describes the sound in unmistakable language and alleges the manner in which it was produced.

In charging that the acceleration was *unnecessary* the State adequately alleges that no exigent situation of highway danger reasonably required the action. The State is not compelled to negative every possible circumstance of highway hazard which could conceivably have justified sudden acceleration. *State v. McPhee*, 151 Me. 62, 67, 115 A.2d 498, 500 (1955); *State v. Schleaffer*, 147 Me. 403, 87 A.2d 911 (1952).

The entry will be:

Remanded to Superior Court for trial.

All Justices concurring.