STATE of Maine

v.

Jeffrey P. CREAMER.

Supreme Judicial Court of Maine.

Nov. 23, 1977.

---

Michael D. Seitzinger (orally), Asst. Atty. Gen., Augusta, Frank F. Harding, Dist. Atty., Rockland, for plaintiff.

Strong & Fletcher by James W. Strong (orally), Thomaston, for defendant.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

In a jury-waived trial in Superior Court in Knox County the Defendant was convicted of disorderly conduct under the provisions of the new Maine Criminal Code.[1]

The complaint, brought initially in the District Court, alleged that in the parking lot of the District Court the Defendant had knowingly insulted one Earl Mineau with offensive words (which were expressly pleaded) and with a clenched fist directed at Mr. Mineau. The complaint asserted that the offensive words and gestures:

". . . would in fact have a direct tendency to cause a violent response by an ordinary person in the situation of Earl Mineau, that situation consisting of the following facts: that said Jeffrey P. Creamer was just leaving the Rockland District Court where he had been a witness in behalf of a defendant found guilty of imprudent speed."

The Defendant seasonably moved to dismiss this complaint for failure to state an offense, urging that there was an insufficient statement of the circumstances under which the acts took place. That motion was denied, and the Defendant presses that point upon his appeal here.

We sustain the appeal.

Our law relating to the pleading of disorderly conduct has lost none of its vitality through the recent enactment of the Maine Criminal Code.

■ One requirement is that the complaint must set forth the acts alleged to have constituted a violation of the statute. *State v. White,* Me., 280 A.2d 810, 812 (1971). It must be more than the complainant's characterization of the acts; it must sufficiently inform the defendant of the specific conduct charged to have been disorderly. *State v. Good,* Me., 308 A.2d 576, 578 (1973). In explicit fashion this complaint met that requirement.

■ A further requirement, however, is that the complaint must set forth the immediate circumstances under which the act occurred with sufficient particularity to allow a court to discern the impact upon the public peace to be expected from such behavior. There must be enough relevant information in the complaint so that the criminal character, if any, of the acts can be determined. *State v. Drake,* Me., 325 A.2d 52, 55 (1974).

As to this further requirement the complaint in the case before us was fatally defective.

---

1. "A person is guilty of disorderly conduct if:

. . . . .

"2. In a public or private place, he knowingly accosts, insults, taunts, or challenges any person with offensive, derisive or annoying words, or by gestures or other physical conduct, which would in fact have a direct tendency to cause a violent response by an ordinary person in the situation of the person so accosted, insulted, taunted or challenged . . . ." 17–A M.R.S.A. § 501.

■ Nothing in the complaint discloses what dealings there may have been between Mr. Mineau and this Defendant, nor what role Mr. Mineau may have had in the District Court hearing at which the Defendant had testified that day. The complaint did not state how near the Defendant may have been to Mr. Mineau, or how far from him, at the time of the allegedly offensive conduct. We do not suggest that attendant circumstances such as these should be pleaded in minute detail; we do reaffirm that there must be enough relevant information in the complaint to enable the court to determine whether under the circumstances alleged the gestures and words used are reasonably capable of provoking a breach of peace.

The technical procedural requirements of another day have been replaced by simplified rules of criminal procedure, yet whenever disorderly conduct is charged, the question arises as to whether there may be an invasion of the defendant's constitutionally protected freedom of expression. It is essential, therefore, that the complaint set forth with particularity the circumstances under which the allegedly offensive acts occurred.

This complaint falls short.[2]

The entry is:

Appeal sustained.

Judgment set aside.

POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., concur.

---

**2.** We do not reach, and presently suggest no opinion on, the question of whether the sufficiency of the criminal pleading remains a "jurisdictional" requirement which may be raised initially at any point in the consideration of the case. Here the issue was raised in advance of trial by a motion to dismiss the complaint. See generally Ballou, *"Jurisdictional" Indictments, Informations and Complaints: An Unnecessary Doctrine,* 29 Me.L.Rev. 1 (1977).