STATE of Maine

v.

Merle PERRY.

Supreme Judicial Court of Maine.

Argued Sept. 12, 1984.
Decided Jan. 11, 1985.

Janet T. Mills, Dist. Atty. (orally), Thomas Goodwin, Asst. Dist. Atty., South Paris, for plaintiff.

Michael J. O'Donnell (orally), Bethel, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Merle Perry appeals from a conviction following a jury trial in Superior Court (Oxford County) for disorderly conduct (17–A M.R.S.A. § 501(1)(C) (1983)), criminal mischief (17–A M.R.S.A. § 806 (1983)), and Class D escape (17–A M.R.S.A. § 755 (1983)) all of which arise out of an incident in Rumford on May 28, 1982. Perry alleges the trial court erred in its jury instructions and in denying his motion to arrest judgment. Additionally, Perry contends that insufficient evidence existed to convict him of disorderly conduct and that the State failed to sustain its burden of proving ownership to support the charge of criminal mischief. Finally, Perry objects to an order by the trial court requiring Perry to reimburse the State for attorney fees from any funds he receives if he prevails in his civil action against the Town of Rumford and police officers involved in this incident. We affirm the judgments of conviction. We reverse, however, the court's order requiring Perry to reimburse the State for attorney fees from any recovery he receives in his civil action.

## I.

On May 28, 1982 at about midnight on Waldo Street in the Town of Rumford, Perry was arrested for disorderly conduct when he allegedly continued fighting after being warned by a police officer to cease. He was then placed in a Rumford police cruiser. Perry contends that when he was placed in the cruiser his leg was broken by the arresting officer slamming it in the cruiser door. Seconds later, he left the cruiser without authority. He was found nearby with a broken leg. Sometime after Perry was placed in the police cruiser, its interior was damaged. Perry was then charged with criminal mischief and escape. On February 21, 1984, a jury found Perry guilty of all charges. On February 28, 1984, an order was entered requiring Perry to reimburse the State, for the attorney fees it paid, from any recovery he receives in his civil action.

## II.

Perry makes a number of objections to the Superior Court's instructions to the jury. First, Perry argues that the Superior Court confused the jury in its instruction on reasonable doubt by stating

What I am saying is that a reasonable doubt does not mean a mere possibility that the defendant may be innocent.... It is not based upon a mere guess or surmise or the bare possibility of innocence.

We must read the jury instructions in their entirety to determine if they are adequate. *See State v. Cote*, 462 A.2d 487 (Me.1983); *State v. Sapiel*, 432 A.2d 1262, 1270 (Me. 1981). The two sentences cited by defendant, when read in isolation from the entire instruction on reasonable doubt, could possibly be interpreted as somehow placing upon the defendant a burden of proving his innocence. A jury instruction placing any burden on a defendant to prove his innocence would be clearly erroneous. When, however, the entire instruction to the jury on the burden of proof and the meaning of proof beyond a reasonable doubt is read, we have no hesitancy in saying that the jury was properly instructed on the meaning of "reasonable doubt" and that the jury could not have been confused or misled by the use of the words "innocent" and "innocence" focused on by defendant. The quoted language should be avoided in a jury instruction in order to prevent any possible

misunderstanding. Reading the instruction in its entirety, we find it is neither confusing nor erroneous.

▮ Second, Perry alleges that the trial court discredited the defense attorney by stating in its jury instructions that a Maine Law Court case cited in his closing argument had no bearing on the case before the jury. Section 1105 of 14 M.R.S.A. requires the judge to rule and charge the jury on all questions of law. Failure to instruct the jury on how to apply the case cited by the defense attorney could have led to jury confusion. *See State v. Bahre*, 456 A.2d 860, 866 (Me.1983); *State v. Childs*, 388 A.2d 76, 80 (Me.1978). We conclude that the presiding justice's comment was not error nor did it prejudice the defendant.

▮ Finally, Perry argues that the Superior Court erred in refusing to instruct the jury on self-defense, competing harms or duress. While Perry was entitled to an instruction on any theory of defense supported by the evidence, *State v. Reed*, 459 A.2d 178, 181 (Me.1983); *State v. Rowe*, 453 A.2d 134, 138–139 (Me.1982), we find that no issues of duress or competing harms were generated by the evidence presented in this case. We deem that Perry's conduct was not self-defense as defined in 17–A M.R.S.A. § 108 (1983) since he does not allege that he used any force to defend himself from force used upon him by another person. Instead we determine, as did the trial court, that the evidence generated an issue of a defense to escape under 17–A M.R.S.A. § 755(2) (1983). The trial court fully instructed the jury on the various defenses to escape. We, therefore, conclude that the jury was properly instructed on the only defense generated by

the evidence, that to the charge of escape. *See State v. Beathem*, 482 A.2d 860 (Me. 1984); *State v. Mylon*, 462 A.2d 1184 (Me. 1983); *State v. Franzon*, 461 A.2d 1068 (Me.1983).

### III.

Perry also argues that the trial court should have granted his motion to arrest judgment because the complaint charging disorderly conduct failed to plead the specific circumstances under which the conduct was disorderly. The complaint charged the defendant with the offense of disorderly conduct by alleging that he

> did in a public place, namely, Waldo Street, recklessly cause annoyance to others, namely Rumford Police Officer, Archie Howard, by intentionally engaging in fighting, after having been ordered by Archie Howard, a law enforcement officer, to cease fighting.

The complaint thus sought to charge the defendant with a violation of 17–A M.R. S.A. § 501(1)(C) (1983).[1]

▮ A complaint charging a defendant with disorderly conduct must set forth the acts alleged to have constituted a violation of the statute, *State v. White*, 280 A.2d 810, 812 (Me.1971), and it must also specifically inform the defendant of the specific conduct charged to have been disorderly. *State v. Good*, 308 A.2d 576, 578 (Me.1973). Defendant's reliance upon the case of *State v. Creamer*, 379 A.2d 996 (Me.1977), as authority for the insufficiency of the complaint in this case is mistaken. Creamer was charged with a violation of subsection 2 of section 501 by knowingly insulting the complainant with offensive words and with

---

1. 17–A M.R.S.A. § 501 (1983), in pertinent part, states:

   A person is guilty of disorderly conduct if:
   1. In a public place, he intentionally or recklessly causes annoyance to others by intentionally;

   ....

   C. Engaging in fighting, after having been ordered by a law enforcement officer to cease fighting;

2. In a public or private place, he knowingly accosts, insults, taunts or challenges any person with offensive, derisive or annoying words, or by gestures or other physical conduct, which would in fact have a direct tendency to cause a violent response by an ordinary person in the situation of the person so accosted, insulted, taunted or challenged; ...

a clenched fist directed at him. The complaint further alleged that the offensive words and the gestures would have a direct tendency to cause a violent response by an ordinary person in the situation of the complainant. The Court in *Creamer* found the complaint deficient because it failed to allege sufficient attendant circumstances and relevant information to enable the court to determine whether under the circumstances alleged the gestures and words used were reasonably capable of provoking a breach of peace. *Creamer,* 379 A.2d at 998. The decision in *Creamer* reiterated our previous holding in cases charging defendants with the crime of disorderly conduct where the alleged conduct was of the nature defined in § 501(2), and occurred under circumstances in which constitutional free speech principles might be involved. *See State v. John W.,* 418 A.2d 1097 (Me. 1980); *State v. Drake,* 325 A.2d 52 (Me. 1974). The *Creamer* line of cases is of no assistance to the defendant; he is not charged with conduct that could trigger a concern of an invasion of his constitutionally protected right of free speech. The complaint, tracking the language of § 501(1)(C), sufficiently informs the defendant of every essential fact of the offense charged and is sufficient in every respect to allow him to defend against said charges.

■ Additionally, Perry alleges that the evidence was insufficient to convict him of disorderly conduct because the State failed to show that he engaged in fighting after being told to cease. In *State v. Morey,* 427 A.2d 479, 485 (Me.1981), this Court found the evidence "clearly sufficient" where the arresting officer testified that after being separated, the defendant returned to fight.

In this case, the arresting officer testified that Perry continued to push and shove a fellow bystander after being told to stop doing so by the arresting officer. We determine that, as in *State v. Morey,* the evidence is sufficient to sustain the conviction of disorderly conduct.

■ Third, Perry alleges that the State failed to show that the damaged police cruiser was the property of another as required to prove criminal mischief in violation of 17–A M.R.S.A. § 806 (1983). The complaint alleged that the defendant did "knowingly damage or destroy the property of the Town of Rumford namely, a police cruiser...."[2] At trial the arresting officer testified that the police cruiser was assigned to him by the Town of Rumford police department. We are satisfied that this testimony was sufficient to allow the jury to conclude beyond a reasonable doubt that the police cruiser was the "property of another"[3] and not that of the defendant. *State v. Michael L.,* 441 A.2d 684, 689 (Me.1982); *see also, State v. Brasslett,* 451 A.2d 890, 893 (Me.1982).

### IV.

■ Finally, Perry objects to an order issued *sua sponte* by the trial justice at the termination of the trial which requires Perry to reimburse the State, for attorney fees paid to his counsel appointed to defend him in the criminal charges due to his indigency, from any moneys he may recover in his civil action brought against the Town of Rumford and police officers involved in the incident. We do not question the authority of a judge to reconsider the indigency status of a defendant during the course of a criminal case whenever convincing evidence

**2.** 17–A M.R.S.A. § 806 (1983) provides in pertinent part:
    1. A person is guilty of criminal mischief if intentionally and knowingly, he:
    A. Damages or destroys the property of another....
    ....

1–A. As used in this section, "property of another" has the same meaning as in section 352, subsection 4.

**3.** 17–A M.R.S.A. § 352 (1983) provides in pertinent part:
    4. "Property of another" includes property in which any person or government other than the actor has an interest which the actor is not privileged to infringe....

 

of non-indigence comes to his attention. On the particular facts of this case, however, we are led to conclude that the effect of this order would run contrary to public policy of deterring unlawful conduct by police officers in their dealings with people in this state. To allow the order to stand would serve to penalize an individual who believes that police officers have engaged in unlawful conduct against him and would have a chilling effect upon that person's seeking redress in our civil courts for such unlawful conduct. We therefore conclude that this order should not stand. We, however, intimate no opinion on the merits of Perry's civil action.

The remaining arguments made by Perry are without merit and do not warrant discussion.

The entry is:

Judgments of convictions affirmed.

Order requiring reimbursement for attorney fees reversed.

All concurring.