**STATE of Maine**

v.

**Barry ANAIR.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 1985.

Decided Oct. 15, 1985.

John R. Atwood, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty. (orally), Bath, for plaintiff.

Barry Anair, pro se, (orally).

William C. Leonard (on brief), Bath, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

The defendant, Barry Anair, appeals from an order of the Superior Court (Sagadahoc County) affirming his conviction in the District Court (Bath) of failure to disperse.[1] On appeal, the defendant claims that the complaint is defective in that it fails to inform him of the charge and, argues in the alternative, that the evidence is insufficient to support his conviction. We deny the appeal.

At about 1:45 a.m. on March 17, 1984, Richmond Police Officer Mark Holbrook went to a gas station to investigate a citizen's complaint about a large crowd yelling and making noise. Seeing around ten to fourteen people as he approached, Holbrook radioed for assistance from two state troopers who were in the area. Holbrook ordered the crowd to disperse. Defendant, together with a friend, refused, protesting that they had the owner's permission to remain. The state troopers arrived at this point and told defendant he would be arrested if he did not leave. At his friend's urging, defendant departed.

Shortly thereafter, Holbrook went to a parking lot near the town landing, where he recognized many of the persons he had seen at the earlier disturbance. Approximately the same number of people were present at the landing and they were yelling and drinking beer. Holbrook radioed for the troopers to return. While Holbrook was waiting for assistance, defendant and several others walked over to his cruiser and defendant began yelling obscenities at him. Holbrook responded by ordering defendant to leave. He then walked through the crowd announcing that everyone had two minutes to disperse or they would be arrested. The crowd reluctantly departed, but defendant remained, confronted one of the officers, and loudly protested the dispersal order. He was then placed under arrest.

We first consider defendant's contention that the complaint is defective because it fails to specify what acts constituted the "course of disorderly conduct" referred to in section 502. A complaint must specifically set forth the facts alleged to constitute a violation of law. *State v. Perry*, 486 A.2d 154, 157–58 (Me.1985). The complaint in this case, tracking the language of the statute, alleges that six or more persons participated in a course of disorderly conduct likely to cause substantial harm or serious inconvenience, annoyance, or alarm. It specifies defendant's conduct, namely, that he participated in yelling in several locations in Richmond between 2:00 and 3:00 a.m. It also alleges that defendant failed to disperse when ordered to do so by a police officer. We conclude that the complaint sufficiently sets forth the elements of the charge of

---

1. 17–A M.R.S.A. § 502 (1983) provides:
   1. When 6 or more persons are participating in a course of disorderly conduct likely to cause substantial harm or serious inconvenience, annoyance, or alarm, a law enforcement officer may order the participants and others in the immediate vicinity to disperse.

2. A person is guilty of failure to disperse if he knowingly fails to comply with an order made pursuant to subsection 1.
3. Failure to disperse is a Class D crime if the person is a participant in the course of disorderly conduct; otherwise it is a Class E crime.

failing to disperse.[2]  It adequately informs defendant of the charge against him.

█    Defendant next challenges the sufficiency of the evidence.  We are satisfied that the evidence supports the District Court's finding that six or more people engaged in noisemaking in Richmond, and that defendant was one of the participants. All three officers testified that the same ten to fourteen people were yelling and making noise at the two locations.  The order to disperse was clear and unambiguous, and defendant's testimony shows that he understood it.  Finally, the evidence established that the disturbance was likely to cause serious annoyance at the very least.  The town landing is close to several homes, and the officer had already received one citizen complaint concerning the earlier disturbance.  We conclude that the factfinder could be rationally persuaded of defendant's guilt beyond a reasonable doubt.  *See State v. McDonald,* 472 A.2d 424, 426 (Me.1984).

The entry is:

Judgment affirmed.

All concurring.

---

2.  The complaint also expressly alleges that the defendant was a participant in the course of disorderly conduct.  This allegation forms a sufficient basis for charging the defendant with a Class D crime instead of a Class E crime.  *See* 17–A M.R.S.A. § 502(3) (1983).