**STATE of Maine**

v.

**Scott BEATHEM.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1984.

Decided Oct. 17, 1984.

Wayne S. Moss, Asst. Atty. Gen. (orally), Augusta, for plaintiff.

Sandy & Sandy, Robert E. Sandy, Jr. (orally), Waterville, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Scott Beathem appeals from judgments of conviction entered in the Superior Court (Somerset County) for the offenses of burglary (17–A M.R.S.A. § 401(2)(B) (1983)) and theft by unauthorized taking or transfer (17–A M.R.S.A. § 353 (1983)). Defendant argues on appeal that his initial confrontation with the investigating officer resulted in an unconstitutional seizure of his person and that the resulting identification and confession should have been excluded from evidence. Defendant also asserts that the court erred in finding that defendant effectively waived his *Miranda* rights, in failing to declare a mistrial, and in refusing to give a curative instruction. We find no error, and we deny the appeal.

I.

The evidence may be summarized as follows: During the afternoon of July 31, 1982, defendant and his companion, Robert Taylor, were walking west along Route 2 in Canaan. As they approached the residence of Harry and Clara Miller, defendant left the highway and entered the Miller home through a rear window. Defendant came out of the house with a bag of coins and walked across the lawn to rejoin his companion. The pair then continued walking west on Route 2. A neighbor observed defendant walking across the lawn and decided to check on the Millers because it appeared that defendant was hiding something under his shirt. As the neighbor approached the house, Mr. and Mrs. Miller drove into the driveway. An inspection of the house revealed that a back window had

been forced open, the bureaus in the bedroom had been disturbed, and a bag of coins containing approximately thirty dollars was missing.

Both the neighbor and Mrs. Miller telephoned the sheriff's department, and the neighbor described the two men he had observed. Lt. Rodney Charrier responded to the call. While driving from Skowhegan to Canaan on Route 2, Charrier saw defendant and his companion hitchhiking in the direction of Skowhegan. Because the hitchhikers fit the description provided by the neighbor, he stopped and asked them where they were going. After learning that they were going to Skowhegan, the officer offered the two men a ride but advised them that he first had to go to Canaan to investigate a complaint. The two men entered the police cruiser and rode to the Miller home.

Subsequently the neighbor identified defendant as the same man he had seen walking across the Millers' lawn. Defendant was then taken to the sheriff's department, where, after being advised of his *Miranda* rights, he waived those rights and dictated a confession. Defendant now appeals from the conviction for burglary and theft.

## II.

■ At no point prior to this appeal did defendant contend that by offering him a ride, the officer detained him illegally. He argues on appeal, however, that Lt. Charrier's offer to give him a ride constituted an unlawful seizure under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that the trial court should have suppressed the subsequent identification and confession.

Defendant has failed to preserve the issue for appellate review because he neither objected to the evidence nor did he move to suppress on the grounds now asserted. Prior to the promulgation of M.R.Crim.P. 41A, it was unclear whether a motion for pre-trial suppression was required in order *to exclude* evidence other than tangible items. *See State v. Taylor*, 438 A.2d 1279,

1281 (Me.1982). Rule 41A resolves any uncertainty and unequivocally requires that defendant's challenge be raised by pre-trial motion. *See* M.R.Crim.P. 41A advisory committee's notes to 1983 amend., Me. Rptr. 449–458 A.2d LXXXVI–LXXXVII. Defendant was obligated to make his motion before trial or hearing, unless the opportunity did not then exist or the defendant was not aware of the grounds for the motion. M.R.Crim.P. 41A. Defendant has not provided any basis for excusing his failure to comply with the rule. Moreover, the record does not demonstrate obvious error affecting substantial rights. *See* M.R.Crim.P. 52(b); *State v. Bahre*, 456 A.2d 860, 864 (Me.1983).

## III.

Prior to trial defendant moved to suppress his confession arguing on two grounds that he had ineffectively waived his *Miranda* rights: first, that he lacked the capacity to understand his rights because of excessive drug and alcohol use; and second, that his confession was the result of an improper promise of personal recognizance bail. The presiding justice denied the motion, finding an effective waiver and further finding that no specific promise of leniency was made.

■ Factual findings of trial courts may be overturned on review only if they are clearly erroneous. *E.g., State v. Adams*, 457 A.2d 416, 417 (1983). The evidence offered at the suppression hearing adequately supports the finding made by the presiding justice. The defendant testified that on the day of the incident he had probably ingested two six-packs of beer and had taken two hits of PCP. He also testified that he was not drunk; that he could have driven a car; that he was able to read at that point; and that the PCP and beer did not affect his memory "because ... [his] body was immune to it ...." Lt. Charrier, an experienced officer, testified that defendant appeared normal and exhibited no signs of intoxication. Defendant

repeatedly advised Charrier that he knew the *Miranda* warning well. Charrier read the warning and defendant indicated his understanding of each right and stated that he did not need an attorney. Similar contradictory evidence was presented on the issue of whether an offer of leniency was made. It is the function of the presiding justice to resolve any contradictions presented by the evidence. *See State v. Peterson*, 366 A.2d 525, 529 (Me.1976).

The record supports the findings of the presiding justice in this case and we find no error in the denial of the motion to suppress.

### IV.

■ In support of the defense theory that defendant lacked the intent to commit theft at the time of entry, the defendant testified at trial that he had consumed alcohol and a drug known as PCP. Defendant's companion was called as a State's witness and testified that he and defendant had consumed alcohol and marijuana. On cross-examination he claimed the privilege against self-incrimination when asked about his consumption of any other drug. The prosecutor directed the witness to answer and in the presence of the jury stated "if he needs immunity I'll grant him immunity right now." The presiding justice warned the prosecutor that the offer was improper,[1] and sustained the witness' Fifth Amendment claim. At no point did defense counsel object or request a mistrial. When cross-examination resumed, defense counsel asked again whether defendant had consumed drugs other than marijuana and the witness answered in the negative. Defendant contends on appeal that the presiding justice erred by not declaring, *sua sponte,* a mistrial after the prosecutor improperly offered immunity to the witness.

We have previously noted that a defendant may choose for tactical purposes to seek a verdict from the jury rather than

accepting a mistrial and possibly a new trial. *State v. Terrio,* 442 A.2d 537, 543 (Me.1982). We have recently interpreted the double jeopardy clause of the Maine Constitution to require the presence of manifest necessity or the consent of the defendant before such a mistrial may be granted. *See State v. Rowe,* 480 A.2d 778, 781 (Me.1984). The defendant did not request a mistrial and the instant case presented no manifest necessity which would have justified the presiding justice in ordering a mistrial on his own motion.

### V.

Finally, defendant contends that the prosecutor misled the jury by suggesting in argument that the intent to enter the residence was sufficient to establish the element of intent required for a burglary conviction. Defense counsel requested the presiding justice to give a curative instruction aimed specifically at counsel's remarks. The presiding justice declined to give such an instruction and defendant now asserts that by failing to give a curative instruction, the presiding justice committed reversible error. We disagree.

■ The presiding justice may decline to give a requested jury instruction if the jury is otherwise adequately instructed on the point. *State v. Mylon,* 462 A.2d 1184, 1187 (Me.1983). The presiding justice gave the following instruction as to the element of intent:

> And they must also show you that at the time of the entry he intended to commit theft therein .... At the time of entry the state must show you that it was Mr. Beathem's conscious object, it was his purpose to obtain or exercise unauthorized control over some property, something of value within the dwelling place, and to deprive the rightful owner of that property.

S.A. § 1314–A (1980).

---

**1.** The appropriate procedure for granting immunity to compel testimony is found in 15 M.R.

The defendant concedes that the court's instructions correctly stated the law. In addition, the presiding justice properly instructed the jury that the statements of counsel were not to be considered. The court did not err in refusing to give a curative instruction specifically addressed to the prosecutor's remarks.

The entry must be:

Judgments of conviction affirmed.

All concurring.