**618**

**STATE of Maine**

v.

**Henry J. DUBE.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1988.
Decided Jan. 21, 1988.

David W. Crook, Dist. Atty., Pamela J. Ames (orally), Asst. Dist. Atty., Augusta, for plaintiff.

Michael E. Popkin (orally), Jim Mitchell and Jed Davis, P.A., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

On Henry J. Dube's appeal from his conviction after a jury trial in Superior Court (Kennebec County) of three counts of rape (17–A M.R.S.A. § 252 (Supp.1987)), three counts of gross sexual misconduct (*id.* § 253), two counts of unlawful sexual contact (*id.* § 255), and one count of sexual abuse of a minor (*id.* § 254), we find no reversible error. Defendant points to no defect in the indictment, *see State v. Weymouth,* 496 A.2d 1053, 1057 (Me.1985); and the presiding justice acted within his discretion in denying defendant's motion for a bill of particulars. When read as a whole, the jury instruction on reasonable doubt was accurate and adequate, and the justice did not err in declining to give the further instruction on that subject requested by defendant. *See State v. Beathem,* 482 A.2d 860, 863 (Me.1984). Under the evidence viewed in the light most favorable to the State, the jury rationally could find beyond a reasonable doubt every element of the crimes charged. *See State v. Barry,* 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgment affirmed.

All concurring.

**Andrea M. SOUZA**

v.

**David G. SOUZA.**

Supreme Judicial Court of Maine.

Argued Jan. 13, 1988.
Decided Feb. 4, 1988.

David R. Dubord (orally), Lewiston, for plaintiff.

Michael P. Asen (orally), Mittel & Hefferan, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN and GLASSMAN, JJ.

MEMORANDUM OF DECISION.

Although the Plaintiff wife challenges the distribution of property that was a part of the Superior Court (Cumberland County) judgment decreeing a divorce to the parties, the divorce court was not clearly erroneous in either its determination of the assets that were marital property or in its valuation or division thereof.

The entry is:

Judgment affirmed.

All concurring.