**STATE of Maine**

v.

**Alan H. HARVEY.**

Supreme Judicial Court of Maine.

Argued Jan. 11, 1988.

Decided Feb. 23, 1988.

R. Christopher Almy, Dist. Atty., Michael P. Roberts, Deputy Dist. Atty., Philip Worden (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Carl D. McCue (orally), Bangor, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

Defendant Alan Harvey appeals a conviction entered by the Superior Court (Penobscot County) following a jury trial on the charge of operating a motor vehicle while under the influence of intoxicating liquor (OUI). 29 M.R.S.A. § 1312–B (1978 & Supp.1987). We find no merit in any of defendant's appellate contentions.

Defendant was arraigned on the OUI charge in District Court (Bangor) on September 16, 1986, and on his request for a jury trial his case was transferred to Superior Court on October 9. On December 11, defendant filed in Superior Court a motion to suppress testimony about his performance on field sobriety tests given at the time of his arrest. On December 24, defendant filed in Superior Court a motion to dismiss, arguing that the State had denied him constitutional due process by refusing his demand at the time of arrest that the State give him a blood test. The Superior Court sent defendant's case back to the District Court to rule on pending motions, and that court denied both the motion to suppress and the motion to dismiss because they had been filed out of time. Both rulings were correct.

■ Defendant's motion to dismiss presented a defense "capable of determination without the trial of the general issue" within the intendment of M.D.C.Crim.R. 12(b)(1). The time for filing that motion was therefore governed by M.D.C.Crim.R. 40, which provides in relevant part that any issue under Rule 12 that is "not presented to the District Court prior to transfer [to the Superior Court] shall be deemed waived." Since defendant failed to present his motion to dismiss before his case was transferred to Superior Court, he waived the issue his motion tried to raise. Similarly, defendant waived his motion to suppress by failing to file it in the District Court in time for it to be heard before transfer to the Superior Court as required by M.D.C.Crim.R. 41(b). *Cf. State v. Bouchard*, 489 A.2d 517, 519 (Me.1985) (failure to comply with requirement for timely filing under M.R.Crim.P. 41A(b) results in waiver of suppression motion).

■ In the Superior Court defendant also filed a motion *in limine* asking that at trial he be allowed to present expert testimony of the greater accuracy of blood tests over breath tests, even though defendant had refused to take a breath test at the time of his arrest. The court correctly denied his motion. There was no issue to be tried on which the expert's testimony would be relevant. The State could not present evidence of any breath test because no test of any kind was taken, and thus at trial the accuracy or inaccuracy of breath tests in general would not be at issue.

The entry is:

Judgment affirmed.

All concurring.