**STATE of Maine**

v.

**Donald W. GOODRIDGE.**

Supreme Judicial Court of Maine.

Argued Nov. 17, 1988.
Decided March 27, 1989.

James E. Tierney, Atty. Gen. and Peter J. Brann (orally), Asst. Atty. Gen., Augusta, for the State.

Donald H. Goodridge, Houlton, pro se (orally).

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Defendant, Donald Goodridge, appeals from his convictions of theft by misapplication of property (17–A M.R.S.A. § 358 (1983)) and misuse of entrusted property (17–A M.R.S.A. § 903 (1983)), following a jury trial in the Superior Court (Aroostook County, *Silsby, J.*). Defendant argues on appeal that the presiding justice erroneously failed to instruct the jury on the presumption of innocence and argues further that the evidence does not support either conviction. Finding that the error in the jury instructions is harmless and finding sufficient evidence to support the convictions, we affirm the judgments.

At the beginning of trial, the presiding justice gave preliminary instructions to the jury including a description of the State's burden of proof. Defense counsel requested an instruction regarding the presumption of innocence and the justice denied that request stating that he intended to give a stronger instruction on the presumption of innocence "at the close of the case."[1] At the conclusion of the trial, the court gave the jury the following instruction:

> Under our system of law, every person is innocent of a crime, including a person accused or arrested for a crime, until the State proves to the unanimous satisfaction of the jury, after a fair trial under the rules of evidence, that the defendant is guilty beyond a reasonable doubt.

Defense counsel objected to the court's refusal to instruct the jury, pursuant to his request, that the defendant is "cloaked in the presumption of innocence, that the presumption in and of itself is sufficient to give rise to a verdict of acquittal."

The instruction requested by defendant is a classic statement of the presumption of innocence and one that is commonly used. It does not differ materially from the following standard instruction:

> The law presumes a defendant to be innocent. Thus, a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him. This presumption of innocence alone is sufficient to acquit a defendant ....

D. Alexander, *Manual of Jury Procedures and Instructions for Maine* 57 (1987). Such an instruction on the presumption of innocence serves the necessary function of

---

1. We find no authority to support defendant's claim that the court erred in omitting any reference to the presumption of innocence from the preliminary instructions. The scope of any preliminary instructions is a matter for the trial court's discretion.

ensuring that the jurors weigh the question of guilt or innocence from the vantage point of one who presumes the defendant innocent. Drawing from Professor Wigmore, the Supreme Court has explained the role of an instruction on the presumption of innocence as follows:

> [I]n a criminal case the term [presumption of innocence] does convey a special and perhaps useful hint ... [I]t cautions the jury to put away from their minds all the suspicion that arises from the arrest, the indictment, and the arraignment, and to reach their conclusions solely from the legal evidence adduced. ... [T]he presumption of innocence ... conveys for the jury a special and additional caution ... to consider, in the material for their belief, *nothing but the evidence, i.e.*, no surmises based on the present situation of the accused.

*Taylor v. Kentucky*, 436 U.S. 478, 484–85, 98 S.Ct. 1930, 1934–35, 56 L.Ed.2d 468 (1978) (quoting 9 J. Wigmore, *Evidence* 407 (3d ed. 1940)).[2] The presumption of innocence describes the desired state of the jurors' minds as they approach the case rather than the circumstances of the defendant with regard to guilt. We conclude therefore that the court erred in refusing to give the standard instruction, or its equivalent, as requested by defense counsel and we review that error under the harmless error rule of M.R.Crim.P. 52(a). Taking the jury instructions as a whole, however, we are persuaded that it is "highly probable that the error did not affect the judgment." *State v. Huff*, 469 A.2d 1251, 1253–54 (Me.1984). Accordingly, the error is harmless.

Finally,[3] Goodridge asserts that the State failed to introduce sufficient evidence to convict him on either of the offenses charged. We stated in *State v. Barry*, 495 A.2d 825, 826 (Me.1985):

> The standard to be applied to determine whether evidence is sufficient to support a jury's conviction, is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged.

Applying that standard to the evidence presented in this case discloses that the jury rationally could find beyond a reasonable doubt that Goodridge was guilty of every element of each of the offenses with which he was charged.

The entry is: Judgments affirmed.

ROBERTS, CLIFFORD and COLLINS, JJ., concur.

GLASSMAN, Justice, with whom HORNBY, J., joins, concurring.

I agree with the Court that the judgment in this case be affirmed, but I do not agree with the Court that the trial court erred in its instructions to the jury.

In *Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978), the Supreme Court, noting that the particular phrase " 'presumption of innocence'—or any other form of words" is not constitutionally mandated, stated:

> This Court has declared that one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial. And it long has been recognized that an instruction on the presumption *is one way* of impressing upon the jury the importance of that right.

*Id.* at 485, 98 S.Ct. at 1934–35 (citation omitted) (emphasis added); *see also id.* at 484 n. 12, 98 S.Ct. at 1934 n. 12 ("It is now generally recognized that the 'presumption

---

**2.** In *Kentucky v. Whorton*, 441 U.S. 786, 789, 99 S.Ct. 2088, 2089–90, 60 L.Ed.2d 640 (1979), the Supreme Court held that failure to give requested instruction on presumption of innocence "does not in and of itself violate the Constitution."

**3.** In his brief filed with this Court, Goodridge contended that his convictions on both offenses violated the double jeopardy provisions of the Constitutions of the United States and the State of Maine. At oral argument, however, Goodridge waived this contention. Accordingly, we do not address it.

of innocence' is an inaccurate, shorthand description of the right of the accused to 'remain inactive and secure, until the prosecution has taken up its burden and produced evidence and effected persuasion....' ") (quoting 9 J. Wigmore, *Evidence* 407 (3d ed. 1940)).

We have frequently stated that in reviewing instructions to a jury for error we do not examine isolated excerpts, but examine the charge as a whole to determine if an error has occurred. *See, e.g., State v. Dansinger,* 521 A.2d 685, 689 (Me.1987); *State v. Michaud,* 473 A.2d 399, 404 (Me. 1984); *State v. Pierce,* 438 A.2d 247, 252 (Me.1981). The trial court does not have to give a requested instruction if the substance of that instruction is otherwise covered in the charge. *State v. Reed,* 479 A.2d 1291, 1295 (Me.1984); 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 30.4, at 30–10 (1987) ("[T]here is no requirement that the court use the language suggested by counsel in the instructions.") Here, in addition to the instruction, quoted on page 2 of the Court's opinion, the trial court specifically instructed the jury:

> You must not be biased against the Defendant because he has been accused of a crime, because he may have been arrested for a crime, or because he has been presented to trial for a crime. None of those facts is evidence of the Defendant's guilt, and you must not consider them in any way that the Defendant is more likely guilty than innocent. In determining whether or not the Defendant is guilty or innocent, you must be governed solely by the evidence presented here in this courtroom.
>
> ....
>
> On the factual side of the case, the only information that you may consider is the testimony—sworn testimony of the several witnesses; and on the law side of the case, as already mentioned, you must accept the law as stated to you by the Court.

The court also instructed on the burden and standard of proof imposed on the State in a criminal case, concluding:

> This standard [beyond a reasonable doubt] applies to every criminal case.... And if the State fails to meet this standard for any reason whatsoever, then you must find the Defendant not guilty. The burden of proof is always upon the State; and never shifts to a defendant, for in a criminal case, the State has to prove everything and the Defendant never has to prove anything.

And again, when at the request of the jury, the court reread the indictment, the court stated:

> [B]ut first let me remind you again that the indictment is not evidence in the case, and the indictment is not the law of the case.... Again, I remind you, and repeat, that the indictment is merely the writing, the paper which the law requires in every criminal case for the making of the charges.

In my opinion, the instructions given by the trial court fulfilled the purposes of an instruction on the presumption of innocence. *See Taylor v. Kentucky,* 436 U.S. at 485, 98 S.Ct. at 1934–35. By choosing language other than that proposed by Goodridge to "impress [ ] upon the jury the importance of [the] right" of Goodridge to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, the trial court did not commit error. *Id.*