**STATE of Maine**

v.

**Scott THOMPSON.**

Supreme Judicial Court of Maine.

Argued Jan. 23, 1992.

Decided Feb. 26, 1992.

Michael E. Carpenter, Atty. Gen., Wayne S. Moss, Asst. Atty. Gen., Rae Ann French, Asst. Atty. Gen., Augusta, for state.

John D. Pelletier, Goodspeed & O'Donnell, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

By this appeal defendant Scott Thompson, a juvenile, seeks to vacate the judgment entered in the Superior Court (Kennebec County, *Alexander, J.*) on a jury verdict finding him guilty of murder in violation of 17–A M.R.S.A. § 201(1)(A) (1983). He contends that the District Court, sitting as the Juvenile Court (Augusta, *Perry J.*), erroneously ordered that Thompson be bound over to the Superior Court pursuant to 15 M.R.S.A. § 3101 (1980 & Supp.1991). He also contends that the Superior Court erred in its instruction to the jury on intoxication. We affirm the judgment.

## I

Thompson contends, as he did before the Juvenile Court, that certain statements made by Thompson to the police should have been suppressed because the statements were taken in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also contends for the first time on this appeal that these statements were involuntary. He argues that the improper admission of these statements requires that the judgment of conviction in the Superior Court be vacated and he be granted a new bind-over hearing.[1]

We review bind-over orders only on "an appeal of a judgment of conviction in Superior Court following bind-over." 15 M.R.S.A. § 3407(2)(B) (1980). We review a trial court's findings as to *Miranda* issues for clear error. *State v. Leone,* 581 A.2d 394, 397 (Me.1990). The challenged questions asked by Detective Culbert were those "normally attendant to [Thompson's] arrest and custody," as opposed to interrogation. *State v. Nixon,* 599 A.2d 66, 67 (Me.1991) (quoting *Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980)). In addition, the entire conversation with the officers was initiated by Thompson. The Juvenile Court's characterization of the conversation as not interrogation, and thus not in violation of *Miranda,* was a reasonable conclusion given the circumstances and should not be overturned. *Nixon,* 599 A.2d at 67 (court's conclusion that a suspect was not under interrogation will be upheld unless contrary inference was only reasonable conclusion).

Because Thompson did not raise the issue of the voluntariness of his statements during the bind-over hearing in Juvenile Court, our review of this issue is limited to whether the admission of Thompson's statements constituted obvious error affecting substantial rights. *State v. Condon,* 468 A.2d 1348, 1349–50 (Me.1983).

Nothing in the record of the bind-over proceedings suggests that the court relied on the challenged statements made by Thompson in making its decision. The Juvenile Court properly applied the relevant statutory provisions of 15 M.R.S.A. § 3101(4)(E), which state that a juvenile shall be bound over to the Superior Court if the court finds:

(1) That there is probable cause to believe that a juvenile crime has been committed that would constitute murder or a Class A, Class B or Class C crime if the juvenile involved were an adult and that the juvenile to be bound over committed it; and

(2) By a preponderance of the evidence that, after a consideration of the seriousness of the crime, the characteristics of the juvenile and the dispositional alternatives available to the Juvenile Court, as specified in paragraph D,[2] it is appropri-

---

1. The statements that Thompson now challenges were suppressed before trial in the Superior Court and not considered by the jury that convicted him.

2. Paragraph D provides:

ate to prosecute the juvenile as if he were an adult.

In its decision to bind Thompson over to the Superior Court the Juvenile Court found probable cause to believe that Thompson had committed a juvenile crime and that the crime would be murder if he were an adult. The court also considered the factors set forth in paragraph D, finding that Thompson had been a heavy drug user for five years, that he had led an exceedingly isolated lifestyle, and that he had demonstrated a violent hostility toward females. The court also noted that the dispositional alternatives available to the Juvenile Court were seriously inadequate and the protection of the community demanded that Thompson be committed to a more secure facility than is available to the Juvenile Court.

■■■ Thompson argues, however, that without the challenged statements the court could not have determined that the murder was committed in a "premeditated or willful manner." The manner of the commission of the crime is only one of many factors that a court should consider in determining whether to bind a juvenile over to the Superior Court and is not an essential element that needs to be proved. Once the court found probable cause to believe that Thompson committed murder, the court only had to find by a preponderance of the evidence that it was appropriate to prosecute him as an adult. There was abundant evidence in the record that would justify the court's bind-over decision, including a number of inculpatory statements made by Thompson that are not challenged here. We find, therefore, that the admission of these statements was not obvious error that substantially affected

Thompson's rights, *Condon*, 468 A.2d at 1349–50, and the Juvenile Court properly bound him over to the Superior Court.

II

■■■ Thompson also argues that the Superior Court erred in instructing the jury that "in determining whether intentional or knowing conduct has been proven beyond a reasonable doubt, you should consider evidence of intoxication to determine if the intoxication affected the defendant's capacity to engage in intentional and knowing action." Thompson had requested the court to instruct on this issue using the exact language of 17–A M.R.S.A. § 37 (1983), which states that "evidence of intoxication may raise a reasonable doubt as to the existence of a required culpable state of mind." Thompson contends that the court's instruction required him to prove that intoxication rendered him incapable of intentional or knowing conduct, a burden not required by Maine law.

The above sentence from the court's instruction could be interpreted as placing a heavier burden on Thompson than the relevant statute on intoxication; however, we review jury instructions in their entirety to determine if they are adequate. *State v. Perry*, 486 A.2d 154, 156 (Me.1985). The jury instructions read as a whole clearly require the State to prove intentional or knowing conduct beyond a reasonable doubt. Although it would have been preferable for the court to have granted the defendant's request thereby eliminating any possible jury confusion, we conclude on the record of this case that the error in the court's instruction, if any, was harmless.

---

The juvenile court shall consider the following factors in deciding whether to bind a juvenile over to Superior Court:
  (1) Seriousness of the crime: The nature and seriousness of the offense, greater weight being given to offenses against the person than against property; whether the offense was committed in an aggressive, violent, premeditated or willful manner;
  (2) Characteristics of the juvenile: The record and previous history of the juvenile; his emotional attitude and pattern of living; and

(3) Dispositional alternatives: Whether future criminal conduct by the juvenile will be deterred by the dispositional alternatives available to the Juvenile Court; whether the dispositional alternatives available to the Juvenile Court would diminish the gravity of the offense; and whether the protection of the community requires commitment of the juvenile to a facility which is more secure than those available as dispositional alternatives to the Juvenile Court.
15 M.R.S.A. § 3101(4)(D) (Supp.1991).

State v. Goodridge, 556 A.2d 211, 212 (Me. 1989).

The entry is:

Judgment affirmed.

All concurring.